Missouri, Kansas & Texas Railway Company of Texas v. H. T. Saunders.

No. 1777.  Decided January 8, 1908.

**1.—Railways—Negligence—Crossing Signals—Persons Not Using Highway.**

The omission of the signals required by statute on approach of a train to a highway crossing can be treated as negligence in law only in cases of those using such highway; as to those on the track at other points the question of negligence in such omission is one of fact.  (Pp. 256–260.)

**2.—Same—Cases Discussed.**

International & G. N. Ry. Co. v. Gray, 65 Texas, 32; Missouri, K. & T. Ry. Co. v. Thomas, 87 Texas, 282; and Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 455, approved and followed.  Houston & T. C. Ry. Co. v. O'Donnell, 90 S. W. Rep., 886, 99 Texas, 637; Murphy v. Galveston, H. & N. Ry. Co., 100 Texas, 490; St. Louis S. W. Ry. Co. v. Matthews, 34 Texas Civ. App., 302; Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 19, distinguished.  St. Louis S. W. Ry. Co. v. Kilman, 39 Texas Civ. App., 107, and reasoning in Missouri K. & T. Ry. Co. v. Taff, 74 S. W. Rep., 89, disapproved, and refusal of writ of error in last named case explained.  (Pp. 257–259.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Fannin County.

Saunders sued the railway company and had judgment.  Defendant appealed, and on affirmance obtained writ of error.

*T. S. Miller, Coke, Miller & Coke,* and *Head, Dillard & Head,* for plaintiff in error.

*McGrady & McMahon,* for defendants in error.

To sustain the charge we cite the following authorities:  Missouri, K. & T. Ry. v. Taff, 74 S. W. Rep., 89; St. Louis S. W. Ry. v. Matthews, 34 Texas Civ. App., 302; Houston & T. C. Ry. v. Nixon, 52 Texas, 19; St. Louis S. W. Ry. v. Kilman, 39 Texas Civ. App., 107; Houston & T. C. Ry. v. O'Donnell, 90 S. W. Rep., 886, 99 Texas, 637; Texas & N. O. Ry. v. Cunningham, 23 S. W. Rep., 332; Houston & T. C. Ry. v. Red Cross, 53 S. W. Rep., 834; St. Louis, I. M. & S. Ry. v. Hendricks (Ark.), 13 S. W. Rep., 699; Chesapeake & O. Ry. v. Wilson (Ky.), 102 S. W. Rep., 810; Cahill v. Cincinnati, N. O. & T. P. Ry. (Ky.), 18 S. W. Rep., 2; Wilson v. Chesapeake & O. Ry., 86 S. W. Rep. (Ky.), 690; Lonergan v. Illinois Cent. Ry. (Iowa), 53 N. W. Rep., 236, 49 N. W. Rep., 852; Wakefield v. Connecticut & P. R. Ry., 37 Vt., 330, 86 Am. Dec., 711; Ransom v. Chicago, St. Paul, M. & O. Ry., 62 Wis., 178, 51 Am. Rep., 718; Sanborn v. Detroit, B. C. & A. Ry., 91 Mich., 538, 52 N. W. Rep., 153; Chicago, B. & Q. Ry. v. Metcalf, 44 Neb., 848, 63 N. W. Rep., 51; Louisville & N. Ry. v. Penrod,

(Ky.), 56 S. W. Rep., 1; Keyser v. Chicago & G. T. Ry., 56 Mich., 559, 56 Am. Rep., 405; Schmidt v. Milwaukee & St. P. Ry., 23 Wis., 186, 99 Am. Dec., 158; Rosse v. St. Paul & D. Ry., 68 Minn., 216, 64 Am. St. Rep., 472; Couch v. Steel, 3 El. & Bl., 402. We understand these cases to establish the proposition that it is negligence per se to fail to give the statutory signals for a public road crossing, and that any one injured by such failure can recover, even though he was not using nor had used nor intended to use the crossing, provided he was not a trespasser, was in such proximity of the crossing as that he would have heard the signal if it had been given, and such failure was the proximate cause of the injury.

Mr. Justice Williams delivered the opinion of the court.

Defendant in error, who was plaintiff below, was struck by an engine of the plaintiff in error at the town of Trenton and recovered the judgment now before us for the injuries thereby inflicted. Two dirt roads cross the track of the defendant, one one hundred and fifty or two hundred yards south, and the other some distance north of the station. On the morning when he was hurt, the plaintiff drove some cattle out of a field southeast of the crossing to the south of the station. The animals passed the track going west and went north upon the right of way, and plaintiff, when he reached the crossing, also turned north, but followed the track, intending to drive the cattle westward towards his home. He moved in a run or rapid walk along the end of the ties until he reached the gravel passenger platform of defendant and then passed along its edge nearest the track. When he was one hundred and fifty or one hundred and seventy-five yards from the southern crossing he was overtaken and struck by an engine drawing a passenger train which came rapidly from the south. Defendant had three whistling posts south of its depot, the farthest for the station signal, the next for the southern crossing and the third for the northern crossing. Some of the evidence tended to show that only the station signal was given and that plaintiff did not hear it, while probably he would have heard signals for the crossings if they had been given.

The trial court gave in its charge the provision of the statute requiring the giving of signals for crossings and instructed that a failure to give them would be negligence, for which plaintiff would be entitled to recover if he was hurt as the proximate result of such omission, and was not himself guilty of negligence. The giving of this instruction was the reason for the granting of this writ of error.

The question as to the correctness of the charge depends upon the further question whether or not the failure to give crossing signals was negligence per se as to one situated as plaintiff was. The decisions of this court leave no doubt that such a failure is, by law, made negligence with respect to those for whose protection the statute was designed. As to others, the omission may or may not constitute negligence in fact; the question depending on the circumstances of the particular case and being one for the jury and not for the court to determine. The charge under consideration took

from the jury the question whether or not the omission to give the signals was, with reference to the plaintiff, a negligent one, and it can be justified only if it be found that the statute imposed the duty for the protection of one in position such as that of plaintiff.

There are many decisions in other States based upon statutes like ours which would sustain the charge and the opinion of the Court of Civil Appeals approving it; and there are quite as many, if not more, that hold to the contrary. They are cited in Elliott on Railroads, sections 1150, 1158, 1264; 2 Thompson on Negligence, sections 1560, 1561. The decisions of this court hold with the latter view: International & G. N. R. R. Co. v. Gray, 65 Texas, 32; Missouri, K. & T. Ry. Co. v. Thomas, 87 Texas, 282; Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 455.

The statute requires the blowing of the whistle and the ringing of the bell at least eighty rods "from the place where the railroad shall cross any public road or street" and the continued ringing of the bell until the engine shall have crossed the street or stopped. It imposes a penalty upon any engineer neglecting to comply, and makes the company "liable for all damages which shall be sustained by any person by reason of such neglect." These signals are required because of the nature of the place, a crossing of the railroad by a road or street which others have the right to occupy and use with their persons and property. The deduction seems plain that the protection is given to those who are exercising their right with respect to the road or street. The requirement is not adapted to the protection of others, the warning being required only at a certain distance from the highway and until it has been passed. The existence of the crossing fixes the relation to the railway of the road or street and of those exercising the right to use it, and the provision is a definite protection to them; but, if we attempt to apply it to others, to persons or property whose position is not influenced by the existence of the crossing or any right they have to use it, we have no definite guide. We can see a cogent reason why this protection should be given to persons or property passing along the road or street, but it would be difficult to find a reason for giving such a protection to one person near a crossing and withholding it from another farther away, when the crossing has no influence whatever over the situation of either.

The rights of those using the road or street crossing the railway should not be narrowly restricted as is sometimes attempted. It is not at all necessary to hold that they must be at the point of intersection. Perils are encountered in the use of roads which cross railways other than those of collisions with passing cars; but they result from the situation of the highway in relation to the railway and this relation moved the Legislature to make the provision in question and clearly indicates the classes for whose benefit it was intended.

In International & G. N. Ry. Co. v. Gray, *supra,* Chief Justice Willie thus accurately states the true doctrine: "Whilst the statutory signals to be given at road crossings are intended as warnings

to persons upon the road or near the crossing, the failure to give them may be taken into consideration, together with other facts, to show want of reasonable care on the part of the company as to other parties lawfully upon the railway. Western & A. Ry. Co. v. Jones, 8 Am. & Eng. Ry. Cases, 267.

"In the one case the omission of the signals is negligence *per se,* and may be so declared by the court; in the other it may or may not be negligence under the circumstances, and the jury must pass upon the question.

"In the case above cited the law required that the whistle should be blown, and the speed of the train checked, upon approaching a public crossing. It was held that whilst these provisions were intended to protect life and property at such crossings, yet when an accident occurred just beyond a crossing, the fact that these requirements were disregarded might be considered by the jury in determining the question of negligence on the part of the railroad company."

In Texas & Pac. Ry. Co. v. Shoemaker, *supra,* this language was used: "No one can say from the evidence that the boys were at the crossing or that the failure to give the signals had anything to do with the deaths. So far as any inference can be drawn from the appearances stated, it is that they were upon the track and away from the crossing. The specific duty to give the signals was to those using the crossings and not to persons at other places. The absence of such signals may sometimes affect the conduct of persons on the track at other places than crossings, and so it might, if all the facts were known, affect the question of contributory negligence here; but, by itself, it constitutes no breach of any duty to the boys, so far as can be seen from the evidence."

While nothing is said as to the particular question before us in Missouri, K. & T. Ry. Co. v. Thomas, the construction there put upon the statute and the conclusion announced that it applies only to crossings at grade and is not intended for the benefit of those passing with teams under overhead crossings are wholly irreconcilable in principle with the decisions of the class first above referred to, which, in effect, so construe the statute as to make it include among those towards whom it is made the duty to give these signals all who are so situated as to hear and be benefited by them when given. Plainly, if this be the purpose of the statute, such a duty could not be held to depend upon the character of the crossing, whether at grade or otherwise, and so it is held in some of the decisions of the kind followed by the Court of Civil Appeals. If the duty to give the signals is made a statutory duty towards all who may happen to be near enough to a crossing to hear them and be governed in their conduct by them, certainly that duty existed towards the plaintiff in the Thomas case, and the fact that the road passed under the railway could not have affected it. Therefore, when the court decide that the statute did not apply to such a crossing it necessarily negatived the construction contended for by defendant in error.

The doctrine laid down by Chief Justice Willie in Railway **v.**

Gray admits allegation and proof of the failure to give such signals as a fact to be considered by the jury in determining whether or not under the facts of a particular case there was, in fact, negligence on the part of a railway company in the conduct of its business; and in order to explain the bearing of such evidence the court may inform the jury of the statutory provision, provided it leaves to them the decision, from all of the evidence, of the ultimate question of negligence *vel non*. No more than this was done in the case of Houston & T. C. Ry. Co. v. O'Donnell, 90 S. W. Rep., 886; S. C., 99 Texas, 637, 92 S. W. Rep., 409. Persons on or about railroad tracks whether at crossings or not, are likely to take notice of the manner in which trains are required to be run and in which they are in fact run and to be misled by the absence of those things which usually indicate their approach. Hence the propriety of inquiring into such matters in determining questions of negligence on the part, not only of such persons, but of those operating the trains. A striking instance of this kind of inquiry is found in the case of Murphy v. Galveston, H. & N. Ry. Co., 100 Texas, 490, 18 Texas Ct. Rep., 220. But the purpose of such an investigation is to so inform the jury as to enable them intelligently to pass upon the question of negligence. The statute in question imposes a duty the nonobservance of which constitutes negligence with respect to those for whose benefit the duty is imposed, viz: users of the road or street. Others must rely upon the common law duty of railroad companies to exercise ordinary care for their protection, and whether or not such care was exercised is a question for the jury and not for the court.

We are cited to several opinions by the Courts of Civil Appeals which lay down the doctrine relied on by defendant in error. It is well stated in the opinions of Mr. Justice Stephens in Missouri, K. & T. Ry. Co. v. Taff, 74 S. W. Rep., 89, and of Mr. Justice Bookhout in St. Louis S. W. Ry. Co. v. Kilman, 39 Texas Civ. App., 107, 86 S. W. Rep., 1050. The latter case was never passed upon by this court. In the former a writ of error was applied for and refused. But, as will appear from Judge Stephens' opinion, the view expressed of the statute was not essential to the decision, for the reason that it appeared beyond controversy that there was negligence in fact in the operation of the train which ran upon the hand-car upon which plaintiff was travelling. The case was one of those in which the trial court could have instructed that the defendant's servants conclusively appeared from the evidence to have been guilty of negligence, without reference to the statute. The refusal of the writ of error, therefore, did not approve the views expressed as to the effect of the statute.

The question was different in St. Louis S. W. Ry. Co. v. Matthews, 34 Texas Civ. App., 302, 79 S. W. Rep., 71. There the contention of the defendant was that the requirement that the trains of one railroad shall stop before crossing another is intended, not for the protection of pedestrians at such crossings, but to prevent collisions of trains upon the two roads. This was the contention that

was not upheld.    The deceased in that case was upon the track of the defendant and for all practical purposes at the crossing.

In the case of Houston & T. C. Ry. Co. v. Nixon, 52 Texas, 19, the accident occurred at the crossing of the railway and a street.

While the opinion of the Court of Civil Appeals in the O'Donnel case, before referred to, cites with approval the Taff and Kilman cases, the charge passed upon contained no such feature as that now under review, but left to the jury the question of negligence under all the facts.

It is evident from the facts stated that the danger to which plaintiff in this case was subjected arose from no use he was making, had made, or was intending to make, of the road, or the crossing. His situation was not different from that of any other person on or near a railroad between crossings.    We are therefore of the opinion that the charge was error, and since it can not be said that the facts conclusively show that the omission to give the crossing signal was negligence towards him, the judgment must be reversed.

*Reversed and remanded.*