DAVIS, Agent, v. VAUGHAN.    (No. 2667.)

(Court of Civil Appeals of Texas.    Texarkana.
June 21, 1923.)

Railroads ⬤447(7)—Instruction, in action for
injuries to dog not at crossing, predicating
liability on failure to blow whistle and ring
bell at crossing, held erroneous.

In an action for damages for killing a dog
in which it was shown that defendant's freight
train ran over the dog which had crawled
through the railroad fence and was approach-
ing a crossing in the same direction as the
train, the distance from the crossing to the
accident not being shown, an instruction predi-
cating liability on failure to blow the whistle
and ring the bell at the crossing as required
by Vernon's Sayles' Ann. Civ. St. 1914, art.
6564, was error, since such failure was not neg-
ligence as a matter of law, but merely evidence
to consider in determining whether, if they
saw the dog, they used proper care to avoid
the injury.

Appeal from Harrison County Court; W.
II. Strength, Judge.

Action by H. H. Vaughan against James
C. Davis, Agent.    Judgment for plaintiff, and
defendant appeals.    Reversed and remanded.

Hall, Brown & Hall, of Marshall, for ap-
pellant.

Scott & Casey, Jones, Sexton & Jones, and
Matt Cramer, all of Marshall, for appellee.

WILLSON, C. J.    The appeal is from a
judgment in appellee's favor for $350—the
value, as found by a jury, of a dog appel-
lee owned, which, on October 15, 1919, was
killed by a freight train operated over the
Texas & Pacific Railway Company's line of
railway in Harrison county.    Appellee al-
leged in his petition that the death of the
dog was due to negligence of the trainmen
"in failing to blow the whistle of the train
and giving said dog notice that said train
was approaching, and in failing to stop or
attempt to stop said train after the discovery
of said dog on the track, or when by the ex-
ercise of ordinary care on the part of the op-
eratives of said train they could and should
have discovered said dog on the track in time
to have prevented his injury and death."

There was testimony that the railway com-
pany's road was fenced, and that the dog
came through the fence and onto the track.
A witness testified that the dog traveled east

on the ends of the ties a distance of 150 or
200 yards and was then overtaken and struck
by a freight train moving in the same direc-
tion.    There was testimony that there was a
road crossing east of the place where the dog
was killed, but how far east was not shown.

The court in a general charge instructed
the jury to find for appellee if the trainmen
failed (and their failure was a proximate
cause of the accident): (1) "To keep a proper
lookout to discover the dog," or (2) "to use
ordinary care to prevent the killing of the
dog," or (3) "to ring the bell and blow the
whistle when approaching the crossing."

It appears from the record that appellant
objected to the instructions on grounds speci-
fied, and it appears from an agreement of at-
torneys of the parties filed here that the
objections were presented to the trial judge
before he read the charge to the jury.    In
his motion for a new trial appellant set up
the action of the trial court in giving the in-
structions as a reason why the motion should
be granted, and in his brief filed here insists
such action was error entitling him to a re-
versal of the judgment.

Clearly, we think, the instruction to find
for appellee if the trainmen failed "to ring
the bell and blow the whistle when approach-
ing the crossing" was erroneous.    Such fail-
ure was not negligence as a matter of law,
for the dog was not using or about to use
the crossing at the time, and therefore the
statute (article 6564, Vernons' Statutes) the
court had in mind was not applicable to the
case.    Ry. Co. v. Bennett, 59 Tex. Civ. App.
321, 126 S. W. 607; Ry. Co. v. Knowles (Tex.
Civ. App.) 180 S. W. 1146; Ry. Co. v. Oil Co.
(Tex. Civ. App.) 179 S. W. 1104; Ry. Co. v.
Bandy (Tex. Civ. App.) 163 S. W. 341; Ry.
Co. v. Mallard, 60 Tex. Civ. App. 199, 127 S.
W. 1117.

On the case made by the testimony if the
trainmen were guilty of negligence it was in
failing to us ordinary care to discover the
dog on the track, and if they did discover
her there, in failing thereafterward to use
ordinary care to avoid injuring her.    Their
failure, if they did fail, to blow the whistle
and ring the bell, was merely evidence for
consideration in determining whether, if they
discovered the dog on the track, they used
proper care to avoid injuring her.

The judgment will be reversed, and the
cause will be remanded to the court below
for a new trial.