## GATZ et al. v. CITY OF KERRVILLE et al.
### No. 8525.

Court of Civil Appeals of Texas. San Antonio.
Jan. 7, 1931.

Rehearing Granted and Judgment Affirmed
Feb. 18, 1931.

Rehearing Overruled March 11, 1931.

E. B. & Howell Ward, of Corpus Christi, for appellants.

W. C. Baker, of Kerrville, and Morriss & Morriss and Reed Cozart, all of San Antonio, for appellees.

SMITH, J.

The city of Kerrville, which operates its own municipal waterworks system, maintains a water meter box in the center of the paved sidewalk on its principal business street. The top or lid of the box lies flush with the surface of the sidewalk, and has been so situated for six years or more, although, in the meantime, the meter had been removed from the box, which was therefore left empty. During all that period pedestrian traffic has passed constantly back and forth over this contraption, without mishap. Mrs. Lula Gatz, appellant herein and a resident of the city, had frequently walked over it prior to the accident here involved. But on this occasion, on December 13, 1928, she stepped upon the lid, which tilted or moved out of place, and her foot and leg went down into the meter box, whereby she was injured. Joined by her husband, she sued the city for damages for such injuries, but upon the ensuing trial the court directed a verdict against her, and she has appealed from the resulting adverse judgment.

The record affords no satisfactory explanation of the accident, or of the cause of it. It was shown that the meter box lid had been previously broken, leaving a "nick," one by one and one-half inches in size. But this defect had existed for two years or more prior to the accident, and there was no evidence from which it could be inferred that it caused or contributed in any degree to the accident. There was no evidence from which it could be inferred that any part of appellee's shoe caught or could have caught in the small nick, or that that defect impaired the

security of the lid, or the safety of its position. There was no evidence that the lid was out of place or in any other respect insecure at the moment of or prior to the accident. The evidence showed simply, but no more than, that appellee stepped upon, or that her foot struck, the lid, moving it out of the place in which it had securely lain for more than six years, thus rendering possible the accident which could not have happened otherwise.

The lid was not provided with any device designed to hold it securely in place as a cover to the meter box, other than a "lip" fitting over the rim of the box, to prevent it from loosely sliding about laterally. It is inferable from the evidence, however, that it could have been held more securely in place by catches or clips to prevent its removal except by manipulation, rendering it proof against displacement from causes normally incident to the passage of pedestrian traffic over it; that such device would tend to render it safer and more secure against accidents such as occurred to appellee.

We are of the opinion that a jury would have been warranted in finding that it was the duty of the municipality to provide some such device, that the failure to make such provision was negligence, and that such negligence was the proximate cause of appellee's injury.

When the city elected to place and maintain the meter box in a much traveled sidewalk, it assumed the duty of using at least ordinary care to equip and secure it with such safeguards as were reasonably necessary to prevent injury to persons lawfully using this public way.

Whether the municipality failed to use such care, and whether such failure was the proximate cause of the accident, are questions of fact, and in our opinion the evidence was sufficient in this case to take those questions to the jury. The trial court therefore erred in directing a verdict against appellee.

Accordingly, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Upon further consideration we have concluded that the record supports the judgment, and does not warrant reversal. The evidence raises no more than, if as much as, a mere surmise that the lid of the meter box was negligently constructed or maintained, and there is nothing in the evidence to raise an inference that any act or omission of the city proximately caused appellant's injuries. Appellant, habitually walking back and forth over and upon the meter box, stopped in its vicinity one day to greet and converse with friends sitting in a car parked at the curb. While appellant was so engaged, and while she was standing upon or moving about on and off the meter box, the lid thereof was in some way displaced, and her foot went down in the opening thus made. Apparently the lid was intact when she paused thereat, and it was some minutes later that the accident happened. How it happened is not explained in the record. Always theretofore, so far as the record discloses, the lid was kept intact, and could not be displaced except through intentional manipulation, and while it must be assumed, as a matter of course, that appellant did not intentionally displace the lid, there is nothing in the evidence to warrant an inference that its position was rendered insecure, or that it got out of position on this occasion, by reason of faulty construction or negligent maintenance. The record being in this condition, this court would not be justified in holding that the trial court erred in directing a verdict for appellant, but must affirm the judgment rendered upon that verdict.

Appellees' motion for rehearing is granted, and the judgment of the trial court affirmed.