## CITY OF WICHITA FALLS v. SWARTZ et al.

### No. 12743.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1932.

Rehearing Denied Jan. 14, 1933.

Thelbert Martin, of Wichita Falls, for appellant.

E. W. Nicholson and J. W. Friberg, both of Wichita Falls, for appellees.

CONNER, Chief Justice.

This suit originated in a justice court, from whence by appeal it was tried in the county court of Wichita county, resulting in a judgment for the plaintiffs, appellees here, in the sum of $100.65. The facts show that the city of Wichita Falls operates a water system by means of which, for the benefit and convenience of those applying and paying therefor, water used for domestic and other purposes is furnished. The plaintiffs alleged that at a specified date an employee of the city had cut off the water for the purpose of repairing an intake pipe supplying water to a hotel owned by plaintiffs but used and occupied by a Mr. and Mrs. Nider as tenants. It was alleged that as a result the pipes leading to a water heater in the building were drained, thus emptying the water in the heater, which caused a flow of gas thereto to melt and destroy the coils or inner equipment, the repair and equipment of which cost $100.65, for which the plaintiffs sued.

It is clear, we think, that plaintiffs had no contractual right of recovery. The city in furnishing the water did so, not for the general benefit of its citizens, but in its capacity of a private owner for the benefit only of those who contracted and paid for the water. It does not appear that the plaintiffs were parties to the contract with the Niders or privies thereto, nor does it appear from the evidence that any of the terms of the contract inured to the benefit of the plain-

tiffs or devolved upon the city any duty for the care and preservation of the property in the hotel.

In 38 Cyc. p. 433, par. 5, it is said: "When the duties violated by defendant were created solely by contract, a cause of action arising out of such violation is limited strictly to the parties to such contract and those in privity with them. * * *"

To the same effect, see, also, Cooley on Torts (2d Edition) p. 2, and the case of House v. Houston Waterworks Co., 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532. In that case it appears that one Henry House sued the waterworks company, operating under a contract with the city, for damages to his property from fire, on the ground that the waterworks company had not kept the water pressure up to its contract gauge. In disposing of the appeal from the judgment in favor of House, the Supreme Court, among other things, had this to say: "As a general rule, no person can sue upon a contract except he be a party to or in privity with it." And the judgment was reversed and rendered against House.

Nor do we think the judgment below can be upheld on the ground of negligence on the part of the employee of the city in cutting the water off. The plaintiffs alleged that he was negligent in that he cut the water off without informing them that the water pipes would be drained. The facts show, however, beyond dispute, that before cutting the water off the employee informed the person who appeared at the door in answer to his alarm that the water was to be cut off. This information came to Mrs. Nider, and she drew a supply of water to answer the purposes of the hotel during the period taken to repair the intake pipe. The operator, however, did not specifically inform the occupants of the hotel that the water from the pipes would be drained, and this is made the basis of the city's alleged negligence.

Mrs. Nider testified, among other things, that on previous occasions when the water had been cut off there had been no draining of the pipes, and it was not made to appear that it was the general custom of the company or that the employee had been instructed to give information other than such as was given in the present case. Nor does it appear that the city or its operator knew that a water heater of the kind was maintained in the hotel. Nor does it appear that the plaintiffs' title to the property was of record or that either the company or its operator had notice that the building was owned by the plaintiffs instead of the actual occupants, Mr. and Mrs. Nider. In cases of negligence a necessary allegation of plaintiffs' pleading is' that the negligent act or acts charged proximately resulted in the damage claimed. It is essential that such allegation be proved, otherwise the plaintiff must fail of recovery. The case of Union Stockyards v. Peeler, 37 S.W.(2d) 126, decided by Section A of the Commission of Appeals, announces the well-recognized rule that a finding that an injury was the proximate result of an act of negligence requires a showing that injury was a natural and probable consequence and should have been foreseen. See, also, Texas Juris. vol. 13, p. 96, § 25. We do not think the circumstances shown here sufficient to show that the city's operator could have reasonably foreseen injury to appellees. It was held by the Mississippi Supreme Court in the case of Brame v. Light, Heat & Water Company, 95 Miss. 26, 48 So. 728, 21 L. R. A. (N. S.) 468, 20 Ann. Cas. 1293, that, quoting from the headnote: "A water company which shuts the supply off a particular main to repair a hydrant is not liable for injury to the house of a consumer injured by an instantaneous water heater, which sets fire to it because of the stoppage of the supply, because it failed to notify him of its intention to shut off the water, where it had no knowledge that such heater had been installed, as the loss is not the proximate result of the negligence."

Indeed, the authorities announce the rule that to constitute negligence at all there must be some violation of duty and the duty required is that of the wrongdoer to the very person claiming on the ground of negligence. See M., K. & T. Ry. Co. v. Saunders, 101 Tex. 255, 106 S. W. 321, 14 L. R. A. (N. S.) 998. 16 Ann. Cas. 1107; I. & G. N. Ry. Co. v. Vallejo, 102 Tex. 70, 113 S. W. 4, 112 S. W. 25. See, also, Lancaster v. Hall, 277 S. W. 776, 779, by the Dallas Court of Civil Appeals, where it is said: "It is an elementary principle of the law that negligence is a failure to observe a legal duty, and when no duty exists, no legal liability can arise on account of negligence."

We finally conclude that the trial court erred in failing to give the peremptory instruction in favor of appellant as requested, and that the judgment below should be reversed and here rendered for the city.