## HARRISON et al. v. HARRISON.

### No. 1611.

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1936.

Rehearing Denied Jan. 15, 1937.

Tom P. Scott, of Waco, for appellants.

Thomas & Thomas, of Anson, for appellee.

FUNDERBURK, Justice.

E. B. Harrison sued W. B. Harrison and Mary Kate Kennedy (feme sole), as partners doing a cotton gin business under the firm name of Harrison Gin Company, at Stamford, Tex. By the suit plaintiff sought recovery of damages for alleged negligence resulting in the loss of his eye. The verdict upon a jury trial had the effect of acquitting the defendant of any liability upon all of the alleged grounds of negligence, except one. The issues relating to that ground of negligence with the jury's findings thereon were as follows: "Do you find from a preponderance of the evidence that the cold chisel, with which Clarence McCann undertook to cut the hole in the iron pipe, was a defective tool?" The answer was: "Yes." "Do you find from a preponderance of the evidence, that the defective condition of the cold chisel with which Clarence McCann undertook to cut a hole in the iron pipe, was a proximate cause of the injury to plaintiff's left eye?" Answer: "Yes."

There was a finding of damages suffered by the plaintiff in the sum of $1,500.

A number of facts established by the uncontroverted evidence were submitted as issues to the jury. But since those issues were found in accordance with the conclusively established facts, no importance need be attached to the fact that they were submitted as issues.

The pleadings upon which the above issues must depend for support, if any, deleting parts deemed immaterial, consist of the following averments: "Plaintiff was not an employee of defendants, and he received no pay or remuneration for such services, but merely assisted defendants * * * with their consent and permission and upon their request and at their invitation, because he desired to be of any service or help that he could in the operation of their gin business. * * * On or about the 25th day of August, 1933 * * * Clarence McCann, was * * * connecting short joints of * * * conveyor pipe by putting bands around the joints, and needed help in doing such work, and plaintiff upon the express and implied invitation of defendant * * * assisted said agent and employee of defendants in making such connections in said cotton burr conveyor. While * * * engaged in this work the said agent and employee began to cut a hole in the conveyor pipe, being a galvanized iron pipe. * * * In

the process of cutting said hole * * * said agent and employee of defendants used a cold chisel and hammer and would place said chisel on said conveyor pipe and strike the top of the chisel with the hammer. * * * While he [McCann·] was so engaged * * * plaintiff sat down at a reasonable distance from where said agent and employee * * * was working, and, * * * a small piece of steel was chipped and broken from such chisel, by reason of such compact, and flew some six or seven feet distant to where plaintiff was sitting * * * striking plaintiff in his * * * eye. * * * Said injury to plaintiff * * * were [was] directly and proximately caused by the negligence of defendants * * * as follows: (1) The defendants were negligent in that they had furnished their employee, the said Clarence McCann, with a defective tool with which to work, to-wit, the cold chisel, with which he cut and/or attempted to cut a hole in the conveyor pipe; * * * (4) the defendants are negligent in that they failed to furnish plaintiff with a reasonable safe place in which to work, at the time he was assisting in making connections of the burr conveyor pipe * * * all of the acts of negligence * * * severally and co-acting together was proximate cause of plaintiff's injury. * * * Plaintiff has sustained damages in the sum of $5000."

From the judgment for the plaintiff, based upon those parts of the pleading and special verdict above set out, the defendants have appealed.

·· The ground of error alleged in one of appellants' assignments of error is the action of the court in overruling their motion for judgment in their favor upon the verdict of the jury. The contention, in effect, is that in this action the court erred because all issues of negligence not submitted were waived, no request having been made for their submission, and that all issues of negligence which were submitted were found in favor of the appellants, hence the verdict being without a finding of negligence would not support a judgment for plaintiff and therefore required a judgment for the defendants. This point, we think, must be sustained.

The question for decision involved in such conclusion may be stated thus: Does a finding that the cold chisel was a defective tool and that its defective condition was a proximate cause of the injury to plaintiff's eye, in legal effect, constitute, or dispense with the necessity of, a finding that the defendants were guilty of negligence (as alleged) in that "they had furnished their employee the said Clarence McCann with a defective tool with which to work, to wit, the cold chisel," or in that "they failed to furnish plaintiff with a reasonable safe place in which to work"? In any ground of negligence, not being negligence per se, at least four issues are involved: (a) The existence or happening of the act or omission, claimed to have been negligent; (b) was such act or omission negligence; (c) was the negligence, if any, a proximate cause of injury to the plaintiff; (d) what amount of damages, if any, was sustained by plaintiff?

A special verdict which finds in favor of the plaintiff the issue of the existence or happening of the alleged negligent act or omission, the issues of proximate cause and of damages, but includes no finding upon the issue of negligence, will not support a judgment for the plaintiff unless the act or omission alleged to have been negligence be negligence per se, or be conclusively shown by the evidence to be negligence as a matter of law. Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W. (2d) 708; Federal Surety Co. v. Smith (Tex.Com.App.) 41 S.W.(2d) 210; I.-G. N. Ry. Co. v. Casey (Tex.Com.App.) 46 S.W. (2d) 669; Northcutt v. Magnolia Pet. Co. (Tex.Civ.App.) 90 S.W.(2d) 632; Miller v. Fenner, Beane & Ungerleider (Tex.Civ. App.) 89 S.W.(2d) 506; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W. (2d) 849.

It is contended by appellants that there was no evidence of any negligence. We need not determine whether there was or not, so far as the question under consideration is concerned, since we are certain that the evidence, if any, did not conclusively establish negligence as a matter of law and no question of negligence per se is involved.

In a civil suit wherein the issues of fact are submitted to a jury upon special issues, each party is by law charged with the burden and responsibility of establishing, either by the uncontroverted evidence or by the verdict of the jury, every issue necessary to support a judgment in his favor. If a plaintiff fails to discharge this burden, the only judgment which the court can properly render is one for the defendants.

It is to be observed that the quotations from plaintiff's pleadings, constituting a part of the above statement of the case, include allegations of two grounds of negligence (1) and (4)—one involving an *act* and the other an *omission*. We think the issues found as a basis for the judgment relate alone to that ground of negligence wherein it was averred that the defendants were negligent in that they furnished their employee (McCann) a defective cold chisel. If this be correct, then the allegation of the other ground of negligence could properly have been deleted from the statement like other parts of the pleadings as having no bearing upon the questions to be decided.

We included the allegations of the other ground of negligence because of a possible question or contention that said issues found as supporting the judgment related to that ground of negligence. Should this be true, it is deemed sufficient to say that in our opinion the duty of an employer to provide an employee with reasonably safe tools and appliances and a reasonably safe place in which to work is a duty incident to the relation of master and servant, employer and employee, and not to the plaintiff as an invitee. As well said by Judge Conner in City of Wichita Falls v. Swartz (Tex.Civ.App.) 57 S.W. (2d) 236, 237, "the authorities announce the rule that to constitute negligence at all there must be some violation of duty and the duty required is that of the wrong-doer to the very person claiming on the ground of negligence."

Plaintiff's rights must be determined by giving full recognition and effect to the fact that he was not an employee. This is required regardless of evidence tending to show that he was an employee, since as an employee he could not recover, being subject to the Workmen's Compensation Law (Vernon's Ann.Civ.St. arts. 8306–8309). It is difficult to see how, not being an employee, he could, under the allegations of his pleadings and the undisputed evidence, have any other status than that of a volunteer. We have, however, decided to express no definite opinion on this question, but we merely refer to the opinion of Judge Hodges in Marshall & E. T. Ry. Co. v. Sirman (Tex.Civ.App.) 153 S.W. 401, as apparently supporting the view that although plaintiff may have been an invitee and had owing to him as such a duty by the defendants, yet in so far as he sought to recover on grounds of negligence involving a violation of the duty owing by defendants, not to himself as an invitee, but as employers to McCann as their employee, plaintiff's status was that of a volunteer.

Whether the issues comprising the findings favorable to plaintiff related to the one ground of negligence or to the other, there was in either case no finding of any negligence, which fact in practical effect renders it immaterial to which of the two grounds of negligence the issues found related.

Our conclusion upon the question discussed renders it unnecessary to consider other assignments of error and propositions presented.

In our opinion we should reverse the judgment of the trial court and render judgment for the defendants which the court below should have rendered in response to appellants' said motion. It is accordingly so ordered.