**CITY OF BRYAN v. JENKINS et al.**

No. 3012.

Court of Civil Appeals of Texas. Waco.

April 3, 1952.

Rehearing Denied April 24, 1952.

926

W. T. McDonald, City Atty., Bryan, for appellant.

John M. Barron, W. C. Davis, and F. L. Henderson, all of Bryan, for appellees.

HALE, Justice.

Mrs. Ruth Jenkins sued Mesdames Haswell and the City of Bryan for damages on account of injury to her merchandise and the loss of business profits, alleging that such damages were proximately caused by the negligence of the defendants. The Haswells were the owners of a two story brick building situated on Main Street in the City of Bryan. Mrs. Jenkins was the owner and operator of a hat shop located on the ground floor of the building, she being a tenant of the Haswells. The City of Bryan owns and operates a system of waterworks through which it sells water to its inhabitants. Mrs. Jenkins alleged that on the night of February 3, 1951, after several days of severely cold weather, the water pipes in the second story of the

building burst as the result of a freeze, causing water to escape in large quantities and to run down into the first floor of the building, thereby inflicting the injury of which she complained. She specifically alleged that each of the defendants was negligent (a) "in failing to empty the water pipes connected with the upper floor of said building prior to or during subfreezing temperature," (b) "in failing to notify plaintiff, Ruth Jenkins, of the water hazard in time for plaintiff to protect her property," (c) "in failing to inspect the pipes at the time and place in question," and (d) "in failing to lock and secure the cut-off valve or meter box to prevent tampering with said water connection," and that such negligence in each particular was a proximate cause of her injury and loss.

The Haswells answered the petition of Mrs. Jenkins with a general denial and by a cross-action against the City of Bryan they sought to recover damages from the City on account of injury to their building. As grounds of the recovery sought by them, they alleged that the upper story of their building became vacant in the year 1949, that they notified the City of such vacancy and requested it to cut the water off, that the City thereafter notified them the water had been cut off but in fact the water was never cut off by the City. They further alleged that the damages suffered by Mrs. Jenkins and the injury to their building for which they sought recovery was proximately caused by the negligence of the City of Bryan (1) "in failing to cut off said water," (2) "in failing to notify these defendants that the same had not been cut off," (3) "in failing to fix the meter box and the cut-off so that it could not be turned on by any agency," and (4) "in failing to ascertain whether the water had been cut off in said upper story."

The City of Bryan answered the petition of Mrs. Jenkins and the cross-petition of the Haswells with various special exceptions and with general and special denials.

The case was tried without the aid of a jury and resulted in judgment that Mrs. Jenkins take nothing against the Haswells but that she recover $1,733.40 against the City of Bryan, that being the full amount for which she sued; and that the Haswells also recover $903 on their cross-action against the City of Bryan. From the foregoing judgment the City of Bryan has duly perfected its appeal to this court.

At the request of appellant the trial court filed extensive findings of fact and conclusions of law. The court found that appellant was negligent in each of the particulars alleged by Mrs. Jenkins and the Haswells, respectively, and that such negligence was in each particular a proximate cause of the injuries and damages of which they complained. Under the various points upon which its appeal is predicated, appellant says the court's findings of negligence and proximate cause are each erroneous because each is without proper support in the evidence. It contends further that the court, by rendering judgment against it under the circumstances shown by the undisputed evidence, has erroneously imposed upon it a greater burden than that imposed by law in that the court has thereby required it to exercise more than ordinary care and has in effect made of it an insurer against loss and damage resulting from the escape of water from the broken service pipes within the building of the Haswells.

Although Mrs. Jenkins and the Haswells have filed separate briefs, they present substantially the same arguments as to why the judgment appealed from should be affirmed. They say the evidence was sufficient to sustain the findings of the trial court and to show that appellant was guilty of one or more of the specific acts of negligence of which they complained and that such negligence was a proximate cause of the damages suffered by each of them. Mrs. Jenkins contends further that even though the evidence was not sufficient to sustain any of the trial court's findings of specific negligence, since she pleaded general negligence sufficiently to invoke the doctrine of res ipsa loquitur and since the evidence was sufficient to sustain her right of recovery against appellant on that theory, the trial court did not err in rendering judgment in her favor.

Mrs. Jenkins alleged in her trial petition that the instrumentalities by which her damage was caused or produced were

in the exclusive possession and control of the "defendants," but she did not allege or prove that such instrumentalities were within the exclusive possession, control or management of appellant. On the contrary, the evidence is without dispute that the escape of water which caused the damages of which complaint is made resulted directly from a break or leak in some part of the pipes located within the upper story of the building owned and controlled by the Haswells. Because appellant did not have exclusive possession or control of any portion of the building of the Haswells or of the service pipes or water facilities situated within the building, we do not think the doctrine of res ipsa loquitur is applicable as a basis for any inference of general negligence on the part of appellant in this cause. Henderson v. City of Cross Plains, Tex.Civ.App., 235 S.W.2d 936 (er. ref.). See also: 65 C.J.S., Negligence, § 220(2), p. 987; 38 Am.Jur. p. 996, Sec. 300.

■■ While a municipality which owns and operates a system of waterworks for its own profit is required under the law to exercise ordinary care in the construction, operation and maintenance of its system, and is subject to the same standard of conduct in that regard as any other person, it is not an insurer and it may not be held legally liable for injuries resulting from the operation of such system unless the injuries complained of are proximately caused by its negligence. McQuillen on Municipal Corporations, (3rd Ed.) Vol. 18, Sec. 53.103; 63 C.J.S., Municipal Corporations, § 915, p. 332; 56 Am.Jur. p. 945, Sec. 38; 30 T.J. p. 544, Sec. 301; 14 A.L.R. p. 552 et seq. The doctrine of res ipsa loquitur not being applicable to the facts of this case, a proper disposition of the appeal necessarily turns upon whether or not the evidence as a whole was sufficient to show that appellant was guilty of actionable negligence in one or more of the particulars alleged by appellees and, if so, as to whether such negligence proximately caused the damages for which recovery is sought herein. If the competent evidence was of sufficient probative force to form the basis for such legal inferences, the judgment should be affirmed; otherwise, it should be reversed.

■ In order to constitute actionable negligence, it is necessary that the act or omission of which complaint is made must be wrongful in the sense that such act or omission must involve the breach of some legal duty which the alleged wrongdoer owes to the injured party at the time when the injury is inflicted. 30 T.J. p. 649, Sec. 3 and authorities. As said in the case of Lancaster v. Hall, Tex.Civ.App., 277 S.W. 776, 779 (er. dis.): "It is an elementary principle of the law that negligence is a failure to observe a legal duty and, when no duty exists, no legal liability can arise on account of negligence." The question as to whether or not a legal duty exists under a given state of facts and circumstances, as well as the nature and extent of such duty, if any, is essentially a question of law for the decision of the courts. Missouri, K. & T. Ry. Co. v. Saunders, 101 Tex. 255, 106 S.W. 321; International & G. N. Ry. Co. v. Vallejo, 102 Tex. 70, 113 S.W. 4.

We find no material conflict in the evidence relating to the facts and circumstances out of which the injuries and damages in this case arose. The evidence shows that the upper story of the building became vacant sometime during the month of July in 1949 and thereupon the Haswells notified appellant of such vacancy and requested it to cut off the water which it was then supplying to them for use in the upper story of their building. The undisputed evidence further shows that appellant did cause the water supply to the upper story of the building to be cut off on or about July 27, 1949. The witness Wilson, an employee of appellant, testified without dispute that he was charged with the duty of connecting and disconnecting the supply of water to customers of appellant, that he received an order to disconnect the supply of water to the upper story of the Haswell building and that, in accordance with such order and the usual and customary practice, he cut the water off and made a final meter reading at the cut-off on July 27, 1949 and that he did not thereafter turn the water on. Appellant's permanent office records disclose that the water was cut off on July 27, 1949 and no further bills were thereafter rendered to the Haswells for the use of

water. Mrs. Haswell testified that appellant notified her the water had been cut off, that she received no further bills for water furnished to her through appellant's meter, and she testified to facts showing that she knew the water had been cut off a short time after July 27, 1949.

On the night of February 3, 1951, after several days of freezing weather, a large quantity of water was found in the lower floor of the building, such water having apparently escaped from some part of the pipes or equipment in the upper story of the building. Water continued to run down the walls and through the ceiling until the supply passing through the meter of appellant to the upper floor of the building was cut off in the meter box. There was evidence to the effect that appellant maintained locks on some of its water meters but it did not maintain locks on all of them. There was no direct evidence as to whether the meter box involved in this suit was or was not equipped with a lock, or if it was so equipped as to whether the meter box was locked or unlocked at the time of the occurrence of which complaint is made. If it be assumed that the meter box was unlocked, there was no evidence as to when or by whom it was unlocked or that appellant knew of such condition. There was no evidence, either direct or circumstantial, which. in any wise showed or tended to show when or by whom the water was turned on in the meter box after it had been cut off on July 27, 1949.

Under the facts and circumstances shown by the pleadings and evidence in this case, we do not think appellant violated any legal duty which it might have owed either to Mrs. Jenkins or to the Haswells at the time when they sustained the injuries of which they complain. There was no contractual relationship at any time between Mrs. Jenkins and appellant with respect to the supplying of water for use in the upper story of the building and hence appellant owed her no duty either as its customer or as a tenant of the Haswells, to empty the water pipes connected with the upper floor of the building prior to or during sub-freezing weather, to inspect such pipes, or to notify or warn her of any

hazard from the flow of water which might result from frozen or bursted pipes in that portion of the building which was under the control of the Haswells. We are not called upon to decide what duties, if any, the Haswells, as landlord, might have owed to Mrs. Jenkins, as tenant. It is also our opinion that appellant did not owe any legal duty either to Mrs. Jenkins or to the Haswells to lock its meter box or to secure the cut-off valve in its meter box so as to prevent any person or agency from tampering with the water connection or turning on the cut-off. The imposition of any such duty upon appellant, as a means of guarding against the hazard of water that might escape from frozen or bursted pipes located within the building of the Haswells, would in legal effect make of it an insurer against loss resulting from such hazard and would impose upon it a greater burden and the exercise of a higher degree of care than that imposed upon it by law.

Furthermore, it appears to. us that the evidence as a whole was completely lacking in probative force to serve as the basis for a legal inference to the effect that any alleged omission on the part of appellant was a proximate cause of the injuries and damages of which complaint is made. It has long been the established law in this State that "foreseeableness," in the sense of reasonable anticipation of such injurious consequences as are the natural and probable result of the wrongful conduct under consideration, is a necessary and indispensable element in the legal concept of proximate cause. Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274; Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60 (Tex.Com.App.); Bledsoe v. City of Amarillo, Tex.Civ.App., 143 S.W.2d 215 (er. ref.); Wm. Cameron & Co. v. Thompson, Tex.Civ.App., 175 S. W.2d 307 (er. ref. w. m.). We find no evidence which, in our opinion, shows that appellant should have reasonably foreseen or anticipated that its omission to perform any of the acts alleged by appellees would, in a continuous sequence unbroken by any new or intervening agency, probably result

930

in the injury, or some similar injury, to the building of the Haswells, or to the merchandise of Mrs. Jenkins, or in the loss of business profits, of which complaint is made.

Therefore, we hold that the trial court erred in his findings of fact and conclusions of law and in rendering any judgment against appellant in favor of Mrs. Jenkins or in favor of the Haswells. City of Wichita Falls v. Swartz, Tex.Civ.App., 57 S.W.2d 236; Henderson v. City of Cross Plains, Tex.Civ.App., 235 S.W.2d 936 (er. ref.); Stinnett v. City of Waco, 142 Tex. 648, 180 S.W.2d 433; City of Richmond v. Hood Rubber Products Co., 168 Va. 11, 190 S.E. 95; McCord Rubber Co. v. St. Joseph Water Co., 181 Mo. 678, 81 S.W. 189.

Since no complaint is here made as to that part of the judgment which denied any recovery to Mrs. Jenkins as against the Haswells, that part of the judgment is affirmed. But that part of the judgment which awarded recovery to Mrs. Jenkins and to the Haswells against appellant is reversed and judgment is here rendered that none of the appellees herein recover anything against appellant.

Affirmed in part and reversed and rendered in part.

LESTER, C. J., took no part in the consideration or disposition of this case.