**C. E. WEBB et ux., Appellants,**

v.

**CITY OF LUBBOCK, Appellee.**

No. 7352.

Court of Civil Appeals of Texas.

Amarillo.

May 4, 1964.

Rehearing Denied June 8, 1964.

Splawn & Maner, Lubbock, for appellants.

Fred O. Senter, Jr., City Atty., Minor Pounds, D. Paul Stafford and William J. McGinnis, Asst. City Attys., Lubbock, for appellee.

DENTON, Chief Justice.

This suit was brought by C. E. Webb, individually and on behalf of his wife, Julia A. Webb, against the City of Lubbock to recover damages for personal injuries alleged to have been sustained by Mrs. Webb as a result of stepping into a water meter box. The case was submitted to a jury on special isues, and based upon the answers of the jury, the trial court entered judgment in favor of the City and denied plaintiffs any recovery. Plaintiffs have perfected this appeal.

The City of Lubbock owned and operated its water system. In operating and maintaining the water system, water meters were placed in the alleys adjacent to the customers' property. In the early evening of August 4, 1962, Mrs. Webb, while walking in the alley at the rear of their property, stepped into the water meter hole resulting in her alleged injuries. In the original petition the plaintiffs alleged eight acts of negligence on the part of the City: In failing to replace the lid of the water meter; of carelessly replacing the lid; in failing to secure the lid in proper place; of failing to properly replace the lid; of creating an illusion for persons, more particularly Mrs. Webb, passing at the site of the meter; failing to warn Mrs. Webb of the dangerous condition; of creating a dangerous condition by misproperly replacing the lid; and failing to exercise that degree of care which would have been exercised by reasonable and prudent persons under the same or similar circumstances. By trial amendment plaintiffs alleged the City was negligent in failing to have a lock type meter lid on the water meters, and in failing to have the meter lid locked prior to and at the time in question. The trial court submitted to the jury the issues: Was the defendant city guilty of negligence in creating a dangerous condition by improperly placing the water meter lid; and did the city fail to make a proper inspection of the premises where the water meter was located prior to the time in question. These two issues, along with other issues concerning alleged acts of negligence on the part of Mrs. Webb, were answered in the negative.

■ Plaintiffs contend the trial court erred in refusing to submit their requested issues based on the allegation in their trial amendment, to-wit: Whether the meter lid in question was not locked prior to and at the time in question; and whether the defendant city did not have a lock type lid on the meter box in question. Despite the well-settled general rule that a party is entitled to have material fact issues submitted to a jury if they are supported by the pleadings and evidence, there are exceptions to such rule. In order to constitute actionable negligence it is necessary that the action or omission complained of must be wrongful in the sense such action or omission involves the breach of some legal duty which the alleged wrongdoer owes to the injured party at the time the injury was inflicted. Westbrook v. Watts, (Tex. Civ.App.), 268 S.W.2d 694, (Refused, NR E); City of Wichita Falls v. Swartz, (Tex. Civ.App.), 57 S.W.2d 236; 40n Tex.Jur.2d, Negligence, Section 6, Page 448, and authorities there cited. Whether or not a legal duty does exist under a given state of facts and circumstances is essentially a question of law to be determined by the court. City of Austin v. Schmedes, (Tex. Civ.App.), 270 S.W.2d 442, (Refused on other grounds, see 156 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680); City of Bryan v. Jenkins, (Tex.Civ.App.), 247 S.W.2d 925, (Refused, NRE). By rejecting appellants' requested issues the trial court determined the issues sought to be submitted involved acts which were not in the realm of a legal duty owed to appellants by the City. We agree with this determination.

There is no evidence of any defect in the water meter lid or in the manner in which it was placed on the meter box. Mrs. Webb had only a vague impression of the location of the meter. She had paid no particular attention to it prior to the incident, and had not seen anyone placing the

lid on the meter box. There was no evidence concerning the condition of the lid prior to the incident. Mrs. Webb testified, "I don't know whether it [the meter lid] was off or whether it was partly off. I just know that I fell into it." The evidence shows the meter box lid was circular and was equipped with a catch or a lip so that when the lid was properly placed in position it would hold securely in place. It could be opened and removed with a screwdriver or other sharp instrument. This particular meter lid was not equipped with a locking device, and the evidence is without dispute that the City's 38,000 water meters were not normally equipped with a lock, but with the catch or lip to secure their position. In our opinion the City did not owe a legal duty to appellants to lock its meter box lids in order to prevent anyone from falling into the water meter hole. To impose such a duty upon the City would in legal effect make it an insurer against such a hazard. This is a greater burden than that imposed upon it by law. City of Bryan v. Jenkins, supra; 40 Tex. Jurs.2d, Municipal Corporations, Section 633, Page 321.

As a general rule a municipality has a duty to exercise ordinary care to construct and maintain its public ways so as to render them reasonably safe for ordinary travel. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. This duty to exercise reasonable care in the construction and maintenance of public ways by a city includes alleys. City of Abilene v. Fillmon, (Tex.Civ.App.), 342 S.W.2d 227, (Refused, NRE). The same degree of care has been applied to a city in maintaining a water meter box located in a sidewalk. Gatz v. City of Kerrville, (Tex.Civ.App.), 36 S.W. 2d 277, (Dismissed). In our opinion the trial court properly submitted the controlling issues making up plaintiffs' cause of action. Appellants make no complaint that there is no evidence or insufficient evidence to support the jury finding. We conclude the trial court did not err in refusing to submit appellants' requested special issues.

Appellants further contend the trial court erred in submitting the special issue inquiring whether or not the accident in question was the result of an unavoidable accident. The jury found there was no act of negligence on the part of the plaintiffs or the City, and that the accident was the result of an unavoidable accident. The jury's findings being to the effect that neither party was negligent, the unavoidable accident issue becomes immaterial. Adkins v. Texas Pac. Ry. Co., (Tex.Civ.App.), 233 S.W.2d 956, (Error Refused); Brown v. Dallas Gas Co., (Tex.Civ.App.), 42 S.W. 2d 869, (Writ Refused).

The judgment of the trial court is affirmed.

Affirmed.