## REAL ESTATE LAND TITLE & TRUST CO. v. STREET et al.

### No. 13163.

Court of Civil Appeals of Texas. Fort Worth.

May 10, 1935.

Rehearing Denied June 14, 1935.

George M. Hopkins, of Denton, for appellant.

Joe S. Gambill and Sullivan, Speer & Minor, all of Denton, for appellees.

LATTIMORE, Justice.

This is an appeal by plaintiff below, the holder of a paving certificate, from an adverse judgment upon a plea of homestead and payment by mistake. Miss Mollie Street owned the property at the time the paving lien was attempted to be fixed, and the property was her home and the home of her younger sister and brother. Mollie Street managed the household affairs and was the principal support of the other two, although as the younger sister was able to produce income she contributed to the expense of the household. The brother was a semi-invalid and dependent upon Miss Mollie for care, attention, and support.

Article 16, § 50 of the Texas Constitution, provides that "the homestead of a family shall be, and is hereby protected from forced sale" with certain exceptions which were not complied with in this instance.

As early as Roco v. Green, 50 Tex. 483, our Supreme Court laid down a definition

of the word "family" as above used, which has been many times cited and, so far as we know, has not been varied. Wolfe v. Buckley, 52 Tex. 641; American Nat. Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784; City of Denison v. Sanford, 2 Tex. Civ. App. 661, 21 S. W. 784; First National Bank of Orange v. Sokolski (Tex. Civ. App.) 150 S. W. 311, 312; Texas Bank & Trust Co. v. Teich (Tex. Civ. App.) 287 S. W. 666; Seley v. Howell, 115 Tex. 583, 285 S. W. 815.

The precise question here involved was decided by our Supreme Court in Hutchenrider v. Smith, 242 S. W. 204, 209, except that in that case the dependent was an invalid father instead of a brother, as here. The court said: "We think there is just as much moral obligation on the part of children to care for and furnish a home to an aged parent as there is upon the parent to furnish a home to his minor children, or upon an aunt to look after and care for her nieces and nephews. Each of these situations is highly commendable, and our courts have uniformly encouraged them all. We think the hands of creditors should be stayed as long as this aged father is so being furnished a haven of rest by his daughters. We do not think our Constitution contemplates that he should, at this time of life and in this helpless condition, be thrown out of this home and possibly into the street. Our people themselves, as shown by their Constitution, have exhibited exactly the same solicitude for the welfare of the surviving parent and minor children. They link them together in all their exemptions and protections. Under the uniform holding of our courts, we think it unquestionable that these three daughters and their old father, situated as they were at the time of this trial, constituted a family within the meaning of our Constitution and were entitled to claim this property as their home."

The relation of Miss Mollie and her semi-invalid brother was one of status rather than contract. She felt her moral obligation to support, attend, and care for him; he was dependent on her. We believe they were a family within the constitutional use of the word. We think our constitution contemplates that George Street should not, at this time and helpless, be thrown from this home by a creditor of his sister.

The fact that the younger sister contributed to some extent to the family expenses is also answered by the Hutchenrider Case, supra. In that case three daughters jointly supported the infirm father, and the fact that no one of them could be said, in any legal sense, to be the "head" of the family, was not found an impediment to the homestead character. The Constitution does not say the exemption is to the "head" of a family. If the designation of an abode as a homestead or the claiming of real estate as a homestead were involved, some point might be made as to the intention of the head of the family, but no such question is here involved. It was the home, and the only home, of the Streets. We are concerned solely with whether they were a family. They were. Wilson v. Cochran, 31 Tex. 677, 98 Am. Dec. 553.

Appellee Gambill, on September 26, 1930, paid appellant $92.70 upon this paving indebtedness. He did so by mistake, but did not institute suit to recover until by cross-action herein on June 5, 1933. The appellant pleaded the statute of limitations. Article 5526, R. S., provides that "there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward," etc.

A cause of action has accrued when a right exists, when that right has been invaded, an injury done thereby, and a remedy exists therefor. Savage v. H. C. Burks & Co. (Tex. Civ. App.) 270 S. W. 244; Mercantile Co. v. Taylor (Tex. Civ. App.) 60 S.W.(2d) 1059; Waggoner v. Edwards (Tex. Civ. App.) 68 S.W.(2d) 655. The fact that the person to whom the cause of action accrued was ignorant thereof does not of itself toll the statute or prevent its application. Calhoun v. Burton, 64 Tex. 510; Prosser v. First National Bank (Tex. Civ. App.) 134 S. W. 781; Fairbanks, etc., Co. v. Smith (Tex. Civ. App.) 99 S. W. 705, affirmed 101 Tex. 24, 102 S. W. 908; Baker v. Cook (Tex. Com. App.) 15 S.W. (2d) 600; 28 Tex. Jur. § 61, page 144, note 19: "There is no duty on the part of the debtor to give notice of the fact, and mere ignorance on the part of the creditor will not prevent the running of the statute of limitations." There is a rule variously worded where the basis of relief against limitation is fraud committed which lulls the injured party, but that exception ingrafted on the statute by the courts as a type of estoppel is not applicable here. No fraud was committed. "Neither fraud alone, nor ignorance of its existence, will justify delay * * * on the

parts of persons claiming to have been defrauded, where they discovered the fraud or could have discovered it by the exercise of reasonable diligence." Carrillo v. Carrillo (Tex. Civ. App.) 289 S. W. 88; Kuhlman v. Baker, 50 Tex. 630; Carver v. Moore (Tex. Com. App.) 288 S. W. 156; Texas Land Co. v. McFaddin, etc., Co. (Tex. Com. App.) 265 S. W. 888.

The judgment of the trial court denying the appellant's paving lien is affirmed. The judgment for appellee Gambill on his cross-action for money paid by mistake is reversed and here rendered that said appellee take nothing. Costs of appeal are taxed one-half against Gambill and one-half against appellant. Articles 1857, 1870, R. S.