UNITED STATES FIDELITY & GUARANTEE COMPANY ET AL. (H. L. SCHWALBE ET AL.) V. MRS. CLAUDIE EUBANKS ET AL.

No. 6458.   Decided November 13, 1935.
Rehearing overruled January 8, 1936.
(87 S. W., 2d Series, 248.)

*Bledsoe, Crenshaw & Dupree,* and *E. L. Klett,* of Lubbock, *Seay, Seay, Malone & Lipscomb, Touchstone, Wight, Gormley & Price,* all of Dallas, for plaintiffs in error.

Surety's bond, being clearly the statutory public contractor's bond, only those persons named as obligees in the bond or in the statute could maintain a cause of action thereon, and it did not inure to the benefit of a member of the traveling public, who was a stranger to both the contract and the bond, and the beneficiaries of a deceased member of the public whose death was alleged to have been caused by the negligence of the contractor. Bilbo v. Lewis, 45 S. W. (2d) 653; International Travelers Assn. v. Barnes, 43 S. W. (2d) 135; National Bank of Cleburne v. Gulf, C. & S. F. Ry. Co., 95 Texas, 176, 66 S. W., 203; R. S., 1925, Arts. 4671, 5160, 6674j. American Emp. Ins. Co. v. Roddy, 51 S. W. (2d) 280.

*Levens, McWhorter & Howard, Lockhart & Brown,* and *Tom Garard,* all of Lubbock, for defendants in error.

A contractor of highway construction owes the duty to the traveling public to place barricades, adequate warning and directing signs, red lights and red flags in front of an ex-

cavation, constituting a part of a new highway, and within his charge during the period of construction, and to warn the people of dangerous conditions and to point out detours which leads around the excavation, and is liable for the death of one lawfully using the highway, who, as the proximate result of the negligence of said contractor to post adequate barricades, etc., runs his automobile into such excavation and is killed. Texas Motor Coaches v. Railroad Commission, 41 S. W. (2d) 1074; Moore v. Leverett, 33 S. W. (2d) 838; Tuttle v. Wood, 35 S. W. (2d) 1061; Hill v. Preston, 119 Texas, 522, 34 S. W. (2d) 780.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by the surviving wife, minor daughter and parents of Fletcher S. Eubanks, deceased, for whose death they sought to recover damages against H. L. Schwalbe, operating under the trade name of Interstate Contracting Company, United States Fidelity & Guaranty Company and Panhandle and Santa Fe Railway Company. The trial court sustained the general demurrer of each of the defendants and, plaintiffs declining further to amend, the case was dismissed. The Court of Civil Appeals affirmed the trial court's judgment in so far as it sustained the general demurrer of the railway company, but reversed it in so far as it sustained the general demurrers of Schwalbe and United States Fidelity & Guaranty Company and remanded the cause, as to them, for trial on its merits. That portion of the judgment sustaining the general demurrer of the railway company was not brought here for review and it will therefore be left undisturbed.

We find it unnecessary to detail the allegations of the petition by which negligence is charged against Schwalbe. They are set out at considerable length in the opinion of the Court of Civil Appeals, reported in 55 S. W. (2d) 906. We have considered the petition in the light of the briefs and application for writ of error filed in behalf of Schwalbe and have concluded that, under the rules obtaining in our practice for testing the sufficiency of a petition, the Court of Civil Appeals correctly held that it was not subject to his general demurrer. Being in accord with the holding of that court on that question, it is not deemed necessary or desirable to write further on it. We approve the holding of the Court of

Civil Appeals on the question of the general demurrer of Schwalbe.

As to the sufficiency of the petition to state a cause of action against United States Fidelity & Guaranty Company a very different question is presented. Schwalbe contracted with the State of Texas to pave and otherwise improve approximately 20 miles of State Highway No. 9 extending north from the City of Lubbock to the Hale County line. Eubanks, a member of the traveling public, lost his life in an automobile wreck through the alleged negligence of Schwalbe in connection with the carrying out of his contract. In their suit for damages brought by the widow, minor daughter and parents of the deceased against Schwalbe, the United States Fidelity & Guaranty Company was made a party defendant. Its only connection with the matter was by virtue of its being the surety on Schwalbe's bond made payable to the "State of Texas represented by the State Highway Engineer." The direct allegation of liability made against it was "That by the terms and conditions of the bond hereinafter set out the defendant, United States Fidelity & Guaranty Company, became bound and liable to these plaintiffs for the injury and death of the said Fletcher S. Eubanks, as hereinabove set out."

The bond was required by statute. Vernon's Annotated Statute, Art. 6674-J, reads:

"The successful bidder or bidders shall enter into written contracts with said department, and shall give bond in such amount as is now provided by law, conditioned for the faithful compliance with his bid and performance of the contract and payable to the State Highway Department for the use and benefit of the State Highway Fund."

Article 5160, disregarding a recent amendment not material here, reads:

"Any person, firm or corporation entering into a formal contract with this State or its counties or school districts or other subdivisions thereof, or any municipality therein, for the construction of any public building, or the prosecution and completion of any public work, shall be required, before commencing such work, to execute the usual penal bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which

has not been made, shall have the right to intervene and be made a party to any action instituted by the State, or any municipality, on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the State or municipality, the remainder shall be distributed pro rata among said intervenors."

The bond executed by Schwalbe and United States Fidelity & Guaranty Company contains, not only all the required statutory conditions, but another condition not required. The conditions of the bond are:

"The condition of this obligation is such that if the said bounden principal, Interstate Contracting Company, shall in all things well and truly perform all the terms and conditions of the foregoing contract, to be by them (him) performed, and within the time therein mentioned, and shall pay all lawful claims for labor performed and material furnished in and about the construction of said road *and shall have paid and discharged all liabilities for injuries which have been incurred in and about the said construction, under the operation of the Statutes of the State,* then this obligation is to be void; otherwise, to be and remain in full force and virtue."

We have italicized the condition of the bond not required by statute. The claimed right of defendants in error to join the surety in this suit is based upon this condition of the bond.

■■ It is a rule of general acceptation that a contract made by two parties for the benefit of a third party may be enforced by the latter, but, as held by this Court in House v. Houston Waterworks Co., 88 Texas, 233, 31 S. W., 179, 28 L. R. A., 532, in order to entitle a third person to sue on a contract in which he is not named as a party, it must have been made for his benefit as its object, and he must be the party intended to be benefited. Our statutes leave no doubt that the only parties intended to be benefited by this bond were the State of Texas and the persons, companies or corporations furnishing labor or material used in the construction of the public work.

Article 6674-J, above copied, expressly provides that it is "for the use and benefit of the State Highway Fund." Article

5160, above copied, and Article 5161 expressly make laborers and materialmen beneficiaries thereunder, with the right to sue thereon. Article 5160 provides that, if the full amount of the liability of the surety is insufficient to pay the full amount of the claims and demands of the State or municipality and the laborers and materialmen, then, after paying the full amount due the former, the remainder shall be distributed pro rata among the latter. This provision, by necessary implication, forbids the incurring of any liability on the bond to any person except the State or municipality and the laborers and materialmen. These parties are given the express right of exhausting the full amount of the liability of the sureties in payment of their claims and demands. The right thus given to them would be greatly jeopardized, and in some instances entirely destroyed, if persons sustaining personal injuries through the negligence of the contractor should be held to be beneficiaries under the bond.

■ Stated differently, the State, laborers and materialmen are the only statutory beneficiaries under this bond, and, to bring other parties within its coverage, would impair, and might take away altogether, their security. To illustrate this concretely, suppose the State should enter into a contract with A for a public improvement to cost $25,000, requiring of him a bond in that amount. In the progress of its construction a traveler is injured by running into an unguarded excavation, sustaining damages in the amount of $25,000. If a judgment were permitted to run against the surety for this amount, the security of the bond would be exhausted. It must be held that the Legislature, in naming the beneficiaries in bonds for public works, necessarily intended thereby to exclude all others.

The Court of Civil Appeals followed the construction given a like bond in Shade v. Anderson, 36 S. W. (2d) 1041. That case did not reach this Court and it is obvious from what has been written above that we are not in accord with its holding on the question herein decided. Many authorities from other jurisdictions are cited, all holding that third parties have not the right to maintain suits on bonds of the nature of that here involved, but because of the plain provisions of our statutes above copied, it is not deemed needful to cite and discuss them. Our conclusion is well supported by the exhaustive opinion of Chief Justice Stayton in Taylor v. Dunn, 80 Texas, 652, 16 S. W., 732.

It is our view that the trial court correctly sustained the

general demurrer of the United States Fidelity & Guaranty Company, and that the Court of Civil Appeals erred in reversing the trial court's judgment in that particular. That part of the judgment of the Court of Civil Appeals is reversed and the cause as against Schwalbe only is remanded to the trial court. The judgment of the Court of Civil Appeals is affirmed in part and reversed in part.

Opinion adopted November 13, 1935.

Rehearing overruled January 8, 1936.