## PAGE et al. v. SCHLORTT.

### No. 8152.

Court of Civil Appeals of Texas. Austin.

Nov. 27, 1935.

See, also, 71 S.W.(2d) 886.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant Metropolitan Casualty Ins. Co. of New York.

Merton L. Harris, of Austin, for appellant Page.

I. N. Jett, of Smithville, and S. L. Staples, and Jas. A. King, both of Austin, for appellee.

McCLENDON, Chief Justice.

Schlortt (appellee) sued Page and the Casualty Company (appellants) for damages for personal injuries resulting from the collapsing of a scaffold upon which he was working as an employee of Page in the erection of a bridge on a public highway. The liability of the Casualty Company is predicated upon a bond executed by Page, as principal, and the Casualty Company, as surety, under R.S., art. 5160 as amended by Acts 1929, c. 226, § 1 (Vernon's Ann.Civ.St. art. 5160). The con-

250

dition of the bond is not essentially different from that in United States Fidelity & Guaranty Co. v. Eubanks (Tex.Com.App.) 87 S.W.(2d) 248. There it was held that coverage provisions of the bond embracing others than those protected by the statute were void. Therefore, one suing on the bond for personal injuries resulting from negligence in performing the contract was denied recovery, even though the coverage provisions of the bond (if construed as a common-law obligation) were broad enough to embrace such liability. The only distinction between that and the instant case is that there the claim was by a member of the traveling public, whereas here the claim is by a laborer engaged in work upon the contract, the performance of which the bond was given to secure. This difference, however, does not distinguish the two cases in principle. The statutory coverage provision in question reads: "Shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work." It is only the labor claim of the laborer that is protected, and not any other character of claim he may have against the contractor. This holding is conclusive of the nonliability of the Casualty Company.

The trial was to a jury upon special issues, finding negligence on the part of Page, but that such negligence was not the proximate cause of the injuries. The judgment was for Schlortt against Page, non obstante veredicto, upon express finding by the trial court that proximate cause was not a fact issue in the case, but was conclusively established by the evidence, and therefore followed as a matter of law from the jury's finding of negligence. The correctness of this ruling presents the controlling question in Page's appeal.

The specific ground of negligence found by the jury was that the scaffold in question, as constructed and maintained, was an unsafe and dangerous place for "Schlortt to enter upon and perform work thereon at the time and under the conditions and circumstances then existing."

Rector, a fellow laborer with Schlortt, gave substantially the following account of the scaffold's falling: It was late Saturday afternoon, about 40 minutes before quitting time. Rector and Schlortt were working together on the scaffold ·taking down concrete forms, underneath the bridge. Duty and Roberts, other laborers, had been doing similar work on another scaffold nearby, and had completed their work. They asked what they might do, and Rector told them "just to put up their scaffold and have it ready for Monday morning to continue the work." They said it was not but a short time to quitting time and they did not want to fool with it. Schlortt then said, "You fellows get up here and help us." Rector said, "No, let them go ahead." Schlortt said, "Let them get up here and help us—it isn't long to quitting time." Rector said, "Getting too many up here to work, it is liable to go down." "I told them, 'It might fall with us,' and they said 'Well, we haven't got but one time to die, and go to hell—let her fall.' That was the remark passed." "Q. Who said that? A. If I remember, it was Mr. Schlortt and Odel Roberts, both."

Holland, the foreman, "wasn't anywhere around," and did not order Duty and Roberts to go upon the scaffold.

■ This evidence was sufficient, we think, to support a finding that the additional weight upon the scaffold, caused by Duty and Roberts getting thereon upon the invitation of Schlortt, and over the protest of Rector, constituted the sole proximate cause of the scaffold's falling. Under such finding, Page's negligence in constructing the scaffold became an academic question.

The trial court's judgment is reversed, and judgment is rendered for appellants.