Rogers & Scott and W. E. Cureton, all of Waco, for appellants.

Collins, Pate, Hatchell & Garrison, of Lufkin, for appellee.

WALKER, Chief Justice.

We take from appellants' brief the following statement of the nature and result of the suit:

**BUCKNER et al. v. COLWELL.**

**No. 3520.**

Court of Civil Appeals of Texas. Beaumont.

July 27, 1939.

Rehearing Denied Sept. 19, 1939.

"This suit was instituted in the District Court of Angelina County, Texas, by Mrs. Ollie Colwell, against R. C. Buckner and Van Nuys Modisette. Plaintiff alleged that while she was riding in the automobile of one Daniel Turner on United States Highway No. 69 between Lufkin and Huntington, in August of 1938; there was some dirt piled along the side of the road with a row on each side; that the car ran into one of the piles of dirt turning it over and injuring plaintiff, and that she received certain personal injuries. The defendant Modisette, it was alleged, resided in Angelina County, and the defendant R. C. Buckner resides in Cherokee County. R. C. Buckner duly and timely filed his plea of privilege to be sued in the County of his residence, and plaintiff by Controverting Affidavit controverted said plea of privilege, claiming that suit was properly instituted in Angelina County, first, because it was a joint cause of action against two defendants, to-wit, R. C. Buckner and Van Nuys Modisette, the said Modisette residing in Angelina County, and it was claimed that Modisette and R. C. Buckner were jointly negligent in spreading the piles of dirt or gravel along the highway, in that defendant Buckner had the contract with the State Highway Department to repair said highway, and that the defendant Modisette was employed by Buckner to spot the unloading of the gravel or dirt, and that in spotting same it was placed too close together and there was not

sufficient room left between the rows of gravel or dirt for automobiles to pass. The plaintiff further claimed that Angelina County had venue, in that the contract to repair the road entered into by the said Buckner provided for the performance of any obligation in Angelina County, Texas. Hearing was duly had on said plea of privilege on the 29th day of December, 1938, and after hearing on same the Court overruled said plea of privilege of said R. C. Buckner, to which action of the Court the defendant Buckner in open Court excepted and gave notice of appeal and duly and timely prosecuted his appeal to this Court, and asks this Court to review the error committed by the trial Court in overruling his plea of privilege."

Appellant Buckner was doing public road work for the State, under a written contract containing the following provisions: "The contractor shall save harmless the State from all suits, actions or claims brought on account of any injuries or damages sustained by any person or property in consequence of any neglect in safeguarding the work by the contractor. * * *"

Appellee seeks to maintain her venue in Angelina County on two grounds:

She contends, first, that her suit was based upon a contract in writing, which by its terms was performable in Angelina County. This was an action in tort. To support her venue under the written contract it was necessary for her to establish that by the provisions of the contract she was made a third party beneficiary. The provisions of the contract, quoted above, deny that contention. Taylor v. Dunn, 80 Tex. 652, 16 S.W. 732, 737; United States Fid. & Guaranty Co. v. Eubanks, 126 Tex. 405, 87 S.W.2d 248; Page v. Schlortt, Tex.Civ.App., 89 S.W.2d 249; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823.

For a second reason, appellee is not a third party beneficiary under the terms of Buckner's contract with the State; her cause of action against appellants does not fall within the terms of the provisions of the contract relied upon by her. By the contract, Buckner was bound to save the State harmless "from all suits, actions or claims" resulting from his negligence in safeguarding his work. Since the State is not liable in tort on facts such as constitute appellee's cause of action, it necessarily follows that her cause of action, as a third party beneficiary, is not within the coverage of the contract.

Appellants' second contention, in support of her venue, is that she plead a joint action in tort against Modisette, resident defendant, and Buckner, the non-resident defendant. Appellee made out a prima facie cause of action on this theory of her case. Modisette was an employee of Buckner, working for him in spacing the road material on the side of the road. As Buckner's agent, Modisette directed the placing of the material. We quote from his testimony:

"A. This material was on the side of the road at that time.

"Q. The particular piles of sand that Mr. Turner ran into with his car were placed there before you quit? A. Yes, sir.

"Q. And were placed at your direction? A. Yes, sir."

The evidence raised the issue that Buckner and his agent were guilty of negligence, proximately causing the accident in which appellee was injured, in locating and depositing the road material on the side of the road. It follows that the judgment of the lower court, overruling the plea of privilege, should be affirmed, and it is accordingly so ordered.

Affirmed.