BESSIE L. SHUFORD V. CITY OF DALLAS.

No. A-525. Decided November 28, 1945.
(190 S. W. (2d) Series, 721.)

*DeShazo & Hyde* and *Francis M. Chaney*, all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that the plaintiff (Mrs. Shuford) was guilty of contributory negligence, in leaving her home in the early morning hours without a light when it was too dark for her to see the pile of dirt which employees of the city had placed on the edge of her private sidewalk, leading to the street and over which she fell and was injured. Hanks v. City of Port Arthur, 48 S. W. (2d) 944; Service Refining Co. v. Hutcherson, 179 S. W. (2d) 772; McAfee v. Travis Gas Corp., 137 Texas 314, 153 S. W. (2d) 442.

*H. P. Kucera, A. J. Thuss, Jr., E. L. Markham, Jr., R. L. Dillard, Jr.,* all of Dallas, for respondent.

The petitioner was guilty of contributory negligence as a matter of law in using the sidewalk as she did in the manner and at the time and under the circumstances shown by the undisputed facts.

Baranovic v. Moreno Co., 342 Mo. 322, 114 S. W. (2d) 1043; Bain Peanut Co. v. Pinson and Guyger, 119 Texas 572, 34 S. W. (2d) 1090; Stinnett v. City of Waco, 142 Texas 648, 180 S. W. (2d) 433.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

This is a personal injury suit against the City of Dallas by Mrs. Bessie Shuford. The verdict and judgment were in her favor for $1,000. The city appealed. A majority of the Court of Civil Appeals upon original hearing ordered that the judgment be reversed and the cause remanded. Associate Justice Young dissented on the ground that issues were raised by the evidence which should have been submitted to the jury. Upon rehearing the Court by the same majority, having concluded it was not necessary "that any additional matter of fact be ascertained," reformed its original judgment and decreed that the judgment below should be reversed and judgment rendered (rule 434) for the city. Thereupon Associate Justice Young gave formal expression in a dissenting opinion to his view that the judgment in favor of Mrs. Shuford should be affirmed. 186 S. W. (2d) 709, 712.

Mrs. Shuford, as found by the jury upon supporting evidence, sustained injury about April 5, 1943, by stumbling on a pile of dirt placed by the city at the end of her walkway leading directly from her front porch to the street curb. She and her sister lived together in their home at 2734 Exline street, where the accident occurred. The porch was about 10 feet from where Mrs. Shuford fell. The accident occurred about 5:30 o'clock in the morning while it was still dark. The jury further found on supporting evidence, that a pile of dirt was placed at the end of the walkway by the city. About a month before the accident the city had begun the improvement of Exline street. The resetting of gas and water meters made necessary in bringing the sidewalk to grade and installing gutters and sidewalks, was a part of the general improvement, and was in progress when the accident occurred. It happened, according to Mrs. Shuford's version, under these circumstances: She customarily rode with Mr. and Mrs. Ferris to the plant where she and they worked. About 5:30 o'clock on Monday morning the Ferris' sounded their automobile horn in front of Mrs. Shuford's home. She, in response, and without switching on her porch light (which turned off and on from within the house) came down the walk toward the car, then standing near to where the curb would be when the work as finished. "I went straight out my walk and the dirt was piled there and I fell." Asked if the dirt was piled in front of her walk

she replied, "In front of the walk and part of the dirt was on the walk." She said the pile was from 12 to 24 inches high; also that the city continued its work there after she fell, and subsequently finished the work.

The sister testified that their meter was in front of the house and that the pile of dirt was between the meter and the walk leading to the house; that the city put in a new meter and she judged the dirt was that which came out of the hole in which the new meter was put. The city's testimony tended to show the dirt had been spread out or removed. Mr. Ferris, whose car Mrs. Shuford intended entering, said she stumbled and fell over a pile of rubble, partly on the sidewalk and partly in the yard. He said, "There was rubble piled up in the street, on the sidewalk, or at least where they finally made the sidewalk, * * *. I would say the immediate space involved * * * was cluttered up with this torn up street. I wouldn't say whether the wirt, cement or concrete, but I do know it was rubble." Asked if he saw the pile of dirt, he said he did, that "I saw that dirt after Mrs. Shuford stumbled and started her fall, but not before because there was no light." He said there were no warning lights on the pile nor in the immediate vicinity.

The points of factual difference between the majority and minority with respect to the surrounding circumstances leading to and attendant upon the fall, appear to arise out of their variant views as to whether Mrs. Shuford's knowledge at the time of her fall extended only to the work in progress in the street, and not to the commencing of sidewalk construction; and whether she knew of the pile of dirt at the end of her walk.

The majority were of opinion that the trial court erred in failing to direct a verdict in the city's favor, on the ground that Mrs. Shuford was guilty of contributory negligence as a matter of law; and in addition to so holding, stated that as a matter of law the city was not negligent. It was the majority view that the Texas cases furnished no authoritative guide in determining the applicable law under the facts. The following excerpt from the majority opinion reflects the basic views both as to the facts and law underlying the decision, particularly with respect to the issue of contributory negligence:

"In view of the public street work that was in progress, and its torn-up condition, of which appellee had full knowledge prior to the accident, she could not, in our opinion, assume that the street was reasonably safe for travel. During the progress of the public work, the obligation of the city to maintain the way in

a reasonably safe condition for use by the public was necessarily suspended; aynone using the public ways under the circumstances was required to exercise ordinary care to discover obstructions or other dangers. The absence of a guardrail or signal light at the place of the obstruction in question, in our opinion, was immaterial, as appellee had been fully and sufficiently admonished by the abnormal condition of the street to put her on guard requiring the exercise of reasonable care for personal safety—which we think she failed to do as she walked in darkness towards the parked car at the curb without hesitating or doing anything to discover the presence of an obstruction, when she could so easily have turned on the porch light and discovered the pile of dirt over which she stumbled and fell."

We are unable to agree with the majority holding, in substantial effect, that as a matter of law Mrs. Shuford failed to exercise her faculties to discover and avoid an obvious danger. Reasonable minds could readily differ as to whether a person of ordinary prudence would have done or not have done the things the majority believed Mrs. Shuford was negligent in doing and in failing to do. The jury, whose peculiar function it was to determine whether Mrs. Shuford was negligent under all the surrounding circumstances, found, upon supporting evidence, not only that she did not know of the condition of the sidewalk at the time and place in question, but also that she kept such a lookout for her own safety as a person of ordinary prudence would have kept under such circumstances.

■ We agree with the minority statement of the law that "even knowledge by the traveler of a street or sidewalk obstruction is not conclusive of negligence," and that the question of contributory negligence raised by the evidence is one for the jury under the circumstances of the particular case. The cases and authorities cited in the minority opinion support the principle stated. We adopt as correct the following excerpt therefrom:

"Texas courts uniformly hold that even knowledge by the traveler of a street or sidewalk obstruction is not conclusive of negligence. The question of contributory negligence thus raised is one for the jury under circumstances of the particular case. Gulf, C. & S. F. R. Co. v. Gascamp, 69 Tex. 545, 7 S. W. 227; City of Denison v. Sanford, 2 Tex. Civ. App. 661, 21 S. W. 784; Butler v. City of Conroe, Tex. Civ. App., 218 S. W. 557. Use of a highway, though known to be dangerous, is not negligence per se. Marshall & E. T. R. Co. v. Petty, 107 Tex. 387, 180 S. W. 105, L.R.A. 1918A, 192. Note also 39 T. J., Streets,

Sec. 128, pp. 703, 704, and footnote of cases holding: 'But the fact that a person knows or might have known that a street or sidewalk was defective or in a dangerous condition does not necessarily impose upon him the duty of refraining from travelling thereon, or charge him as a matter of law with contributory negligence in using the way—even at night; * * * Nor does the mere fact that a pedestrian temporarily forget an obstruction across a sidewalk convict him of contributory negligence as a matter of law.' And quoting from 43 C. J., p. 1082: 'The mere fact that one using a street or public way had knowledge of the defect or obstruction by reason of which he was injured does not, as a matter of law, constitute contributory negligence precluding a recovery, if in view of such knowledge he exercised reasonable and ordinary care under the circumstances.' (P. 1086) 'A traveler is not precluded from recovery because he knew of the defect or obstruction, where his knowledge was remote, or imperfect, or insufficient to give a full appreciation of the danger, as where he knew of the generally defective condition of the way, but had no knowledge of the particular defect which caused the injury'."

See also Bean v. City of Moberly, 350 Mo. 975, 169 S. W. (2d) 393, in which the Court held that the fact the street was being repaired did not preclude Bean's use of the way on which he was traveling provided he used ordinary care to avoid injury from known or obvious dangers; that the fact he possessed some knowledge that repairs were in progress but did not know their extent, there being no warning signal at that point, was a circumstance for the jury to consider in determining whether or not be had proceeded with such care for his own safety as a person of ordinary prudence would have used under the existing circumstances. The Court pointed out that although Bean knew of the obstruction, but not that it extended up to the driveway, it would not be said as a matter of law that he was guilty of contributory negligence. The court held that whether Bean was contributorily negligent was for the jury to say; that while he had some knowledge of the situation he disclaimed awareness of the danger causing his injury, and that it could not be said as a matter of law that a reasonably prudent person would not have proceeded as he did. The general principles recognized in the city of Moberly case are consistent with those recognized in this state on the point under consideration, and are applicable here. See Bullock v. King County et al, 179 Wash. 167, 36 Pac. (2d) 609.

The jury also found upon supporting evidence that Mrs. Shuford's fall was proximately caused by the city's failure to

use reasonable care to maintain the sidewalk and parkway in a reasonably safe condition; and that it had negligently failed to place a light or other warning signals around the pile of dirt. There is no controversy as to the fact that at the time of the accident the block of the street in front of Mrs. Shuford's residence was not closed, but accessible to the public for travel; also that no warning signs had been placed in the vicinity of the pile of dirt. The majority opinion expressed the view, inferentially at least, that whether barriers or warning signs were placed by a city under such circumstances was immaterial for the reason that the torn up condition of the street and parkway was such that warning signs would not have given the travelling public notice of any conditions not already obvious. The majority held, in other words, that in view of this condition there was no duty upon the city to maintain the public ways in question in a reasonably safe condition for travel for those who might have occasion to use them; more specifically, that the presence of the pile of dirt was as effective notice of danger to one using the walkway as a signal light would have been.

■ We are not in accord with this view. The statement of the minority opinion that at the time of the accident the block of the street in front of Mrs. Shuford's residence was not closed, but accessible to the public for travel, correctly reflects the factual situation. It correctly states also that Mrs. Shuford's knowledge of the situation extended only to the street work in progress and not to the placing of the pile of dirt at the end of her walk. She testified she did not know it was there. We agree, as stated in the dissenting opinion, that under the present facts there was no suspension of municipal responsibility for injury on a street or sidewalk, though under repair and construction, unless the way was barricaded or otherwise closed to the public use. Bullock v. King County et al, 179 Wash. 167, 36 P. (2) 609; McQuillin Municipal Corporations, Revised Vol. 7, Sec. 2992, p. 278. It correctly holds that under the facts of this record the duty of the city to keep the public ways in question here reasonably safe for travel was not abrogated or suspended by the fact that they were being repaired and that the dangerous condition resulting therefrom was obvious; and that so long as the public ways were left open for travel it devolved upon the city to exercise ordinary care to take reasonable precautions to prevent injuries to travelers thereon. "It is well settled in this state that a municipality is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in a proper manner. The duty of ordinary or reasonable care * * * is a continuing duty which is not suspended while the street is being

repaired. 43 C. J., 999, et seq. This announcement is supported by numerous Texas authorities, * * *." City of Terrell v. Howard (Civ. App.), 85 S. W. (2d) 283, reversed and rendered on a point not involved herein, Id. (Com. App.), 130 Texas 459, 111 S. W. (2d) 692. The text writer on municipal corporations cited above, in turn cites the Court of Civil Appeal's opinion in the City of Terrell case, supra, in support of the following statement with respect to the municipality's duty in the premises:

"A municipality may entirely close a street while repairs are going on, and if a street is so closed, there is no liability for injuries, provided, of course, it is properly closed, i.e., the barriers are sufficient to warn travelers and to impart notice that the street is closed. Moreover, if necessary to prevent accidents, a municipality not only may but it is its duty to close the street to the public by some barrier."

■■ We agree with the disposition made by the Court of Civil Appeals of the city's point No. 2 complaining that the trial court refused to submit the city's requested issue of unavoidable accident for the reason stated in the opinion, i.e., that the evidence did not suggest the issue. We approve also its disposition of point No. 4 leveled at the trial court's charge. The complaint is that the language of the charge, "if you find there will be any (pain) in the future," did not confine the jury to reasonable probable future pain. The point is not well taken in view of the evidence given by both Mrs. Shuford and Dr. Franklin. We approve the Court's holding on point No. 5 relating to the presentation to the jurors in the central jury room of the "Handbook for Jurors" referred to in the opinion; and concur in what is said in the opinion in regard to the Handbook in overruling the point.

■ We are in accord with the view expressed in the minority opinion that the trial court's judgment should be affirmed except for two points of error urged by respondent in the Court of Civil Appeals. The first, No. 7, is that the trial court erred in including in the judgment for petitioner a clause providing that "execution may issue" against the city. The judgment should not, in view of section 309 of the special charter of the city of Dallas, contain such provision. See in this connection City of Dallas et al v. Western Electric Co., 83 Texas 243, 18 S. W. 552. This is no ground, however, for reversing the case since we have the authority and, as said in Jones County v. Moore (wr. ref.), 4 S. W. (2d) 289, "it is our duty" to reform the judgment in that particular by merely eliminating therefrom the offending clause. We therefore hold that the judgment be so reformed.

The second point above referred to (No. 6) as making it improper for this court to affirm the judgment, alleges what may be treated as an allegation of excessiveness of the judgment. Since we have no jurisdiction to decide this point we reverse the judgment of the Court of Civil Appeals and remand the case to that Court for it to determine the question of excessiveness and make such disposition of the case in accord herewith as is proper in the premises.

It is so ordered.

Opinion delivered November 28, 1945.