CITY OF AUSTIN et al.

v.

SCHMEDES et al.

No. 10240.

Court of Civil Appeals of Texas.

Austin.

June 23, 1954.

Rehearing Denied July 21, 1954.

444

W. T. Williams, City Atty., Robert L. Burns, Doren R. Eskew, Asst. City Attys., for City of Austin.

Coleman Gay, Austin, for Dean Skinner.

Cofer & Cofer, Powell, Wirtz, Rauhut & McGinnis, William A. Brown, Austin, for appellees.

Touchstone & Bernays, James A. Knox, Dallas, for Robert J. McKown and others.

HUGHES, Justice.

This is a suit for damages arising out of the collision of two automobiles, one driven by appellee, Curtis O. Schmedes, and the other by Carl H. Anderson who is not a party to this suit.

Mr. Schmedes sues for himself, his wife and as next friend for his infant daughter.

Appellants, who were defendants below, are the City of Austin, Robert J., Obert B., Austin B., and Arthur L. McKown and Dean Skinner.

The collision occurred shortly before 6 p. m. December 9, 1952, at the crest of a sharp hill on the east side of East Avenue between 12th and 13th Streets, within the corporate limits of the City of Austin.

East Avenue, between these two streets, had for many years past been a divided highway, the traffic being one way on each side of the divided street. At the time of the collision, however, the west side of East Avenue between 12th and 13th Streets was closed and was undergoing changes and improvements.

These changes and improvements were being made by the McKowns as subcontractors under a general contract between the Texas Highway Department and Dean Skinner.

Liability of appellants was established below and is sought to be sustained here on findings of the jury that there was a negligent failure to erect proper warning signs at certain points which was the proximate cause of the collision and resulting injuries and damages.

We insert the following sketch for a better understanding of the facts and jury findings:

Carl Anderson entered East Avenue at 14th Street, driving west, East Avenue at this point being a two-way street. Turning south Mr. Anderson proceeded past barricaded 14th Street as it intersected East Avenue from the west and past the barricaded west fork of divided East Avenue and hence on the east side of such street to the point of impact at the crest of a hill.

Mr. Schmedes was driving north on the east prong of divided East Avenue.

The two cars confronted each other at the crest of a small hill and collided. After seeing each other there was nothing which either driver could do to avoid the collision.

The jury found that the failure to provide signs for directing traffic entering East Avenue from the east on 14th Street was negligence and that the failure to provide a sign warning southbound traffic not to enter the east roadway in the 1200 block of East Avenue was also negligence and that such negligence was the proximate cause of appellees' injuries.

The jury also found that the collision was not the result of an unavoidable accident and that the operation of the Anderson car at the time was not the sole proximate cause of the collision.

Based on these findings, the damage issues and failure to find Mr. Schmedes contributorily negligent, a joint and several judgment was rendered against appellants. Strangely enough no appellant asks indemnity from any other appellant.

The first point of error is directed to the failure of the court to inquire if the negligence found by the jury was the negligence of appellants or of one or more of them. The issues were not so framed. They simply inquired if the matters mentioned constituted negligence.

Appellants summarize their argument as follows:

"It is a basic rule of tort law that facts, found by a jury which connect the defendant to the situation, may give rise to a duty, the violation of which would constitute negligence on the part of the defendant. Now, if the evidence should show the defendant duly connected so as to give rise to a duty, then, perhaps a jury finding would not be absolutely essential. But, what of the situation, as in this case, where the evidence points in the other direction, then certainly it must be elementary that the plaintiff at least submit an issue inquiring as to whether the defendant is sufficiently involved in the situation that a duty might exist."

■ If appellants would point to any disputed material evidence regarding the proximity to or extent of involvement in the situation, out of which this lawsuit arose, as to any appellant then we would sustain this point. There is, however, no such evidence referred to by appellants nor found by us.

The facts regarding the relationship of each appellant to each other and to this controversy and all inferences to be drawn therefrom are of an undisputed nature.

The City of Austin is a municipal corporation with certain duties and responsibilities regarding its streets. Just what these duties and responsibilities are, under the facts presented, is a matter of law.

Construction of the contract between the State and Skinner is also a question of law, not fact, as is the determination of the rights, duties and obligations of independent contractors, McKowns, under the subcontract and the undisputed evidence.

We quote from Prosser on Torts, Hornbook Series, p. 280:

"The existence of a duty. In other words, whether upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other—or, more simply, whether the interest of the plaintiff which has suffered invasion was

entitled to legal protection at the hands of the defendant. This is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court."

See also City of Bryan v. Jenkins, Tex.Civ. App. Waco, 247 S.W.2d 925, writ ref. n. r. e.

Point One is overruled.

The Second Point is that Special Issues 1 and 3 commented on the weight of the evidence in assuming that "the construction job was in some manner or way involved in this lawsuit, and by further assuming that there was a failure to provide signs."

Issues Numbers 1 and 3 contained these clauses respectively: "Do you find from a preponderance of the evidence in connection with the construction job in the area of East Avenue involved in this suit that the failure to provide directing signs" and "Do you find from a preponderance of the evidence in connection with the construction work involving the portion of East Avenue involved in this suit that the failure to provide a sign, * * *"

There were no signs at the places inquired about and we do not understand appellants to dispute this fact for they say "If there is any dispute at all, it is a dispute as to how much of a surrounding area is a contractor responsible for."

Arguing from the fact that no work was being done or under contract to be done on the east side of East Avenue between 12th and 15th Streets appellants say that "the most controverted fact issue in the whole case was whether either of them was so connected with the scene of the accident by virtue of the construction job as to give rise to a duty to place directing signs at the entrance of Fourteenth Street on the east side of East Avenue."

It is undisputed that the construction job underway on the west side of East Avenue had the necessary effect of closing the west side of the street to traffic and of leaving the east side as the only means of continuous north-south travel on this street in this area, thus automatically converting, practically if not legally, a one-way street into a two-way street.

■ It follows that, in our opinion, these two issues did not assume any disputed facts. As indicated above the duty of appellants under conditions conclusively shown is for the court to determine.

The Third Point is that Special Issues 1 and 3 are ambiguous and misleading because they contain the words "in connection with the construction job in the area of East Avenue involved in this suit."

■ This point is overruled as we see nothing ambiguous or misleading in the language used when considered in the light of the record with which the jury was familiar.

Point Four complains that the jury should not have been asked if the failure to provide a sign warning southbound traffic not to enter the east roadway in the 1200 block of East Avenue was the proximate cause of appellees' injuries because, as a matter of law, the conduct of Carl H. Anderson was at least "a new and intervening cause, if not the sole proximate cause of the accident."

When Anderson entered East Avenue from 14th Street there was no warning not to enter. After entering there was no sign telling him not to turn south on East Avenue which was a two-way road. He proceeded south to the barricaded west fork of the divided street. There was no sign there ordering him to stop, to turn around, back up or do anything. There was just no sign. Mr. Anderson proceeded on down East Avenue on the east roadway which was the only route south left open for him to travel. Certainly appellants should have foreseen that the traveling public would have been very likely to do exactly what Mr. Anderson did if they were not otherwise directed.

■ It is our opinion that the issues of proximate cause were answered by the jury upon abundant evidence and that the conduct of Mr. Anderson does not supply evidence of a new and independent cause.

■ The Fifth Point is that Mr. Schmedes was familiar with the locale of the accident and had the same opportunity to foresee harm as did appellants. This is not in accordance with the evidence.

Mr. Schmedes in coming to town during this period of construction traveled on East Avenue to 15th Street where he encountered a sign saying "Do not enter." He then turned west on 15th and south on Red River Streets to town. In going home he traveled on the east side of East Avenue after entering it at 5th Street. He had no occasion to know and did not know that there was no sign at 14th Street, as there was at 15th Street, advising south bound traffic not to enter East Avenue. On the contrary Mr. Schmedes had every reason to believe that if he were stopped at 15th Street going south that traffic would also be prevented from entering at 14th Street, one block nearer the construction.

The Sixth Point is to the effect that since the collision occurred on the east side of East Avenue which was not under construction that no duty rested upon any of appellants to put warning signs at the place where the jury found their absence was negligence.

■ The legal duty of the McKowns who actually closed the west prong of divided East Avenue and thus created the dangerous condition to which the accident is attributable is stated by the Supreme Court in Buchanan v. Rose, 138 Tex. 390, 159 S.W.2d 109, 110, as follows:

"We think it may also be said that if one by his own acts, although without negligence on his part, creates a dangerous situation in or along a public way and it reasonably appears that another in the lawful use of such way in the exercise of ordinary care for his own safety may be injured by the dangerous situation so created, the one creating the same must give warning of the danger or be responsible for the consequences."

As to the City of Austin

" 'It is well-settled in this state that a municipality "is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in a proper manner. The duty of ordinary or reasonable care * * * is a continuing duty, which is not suspended while the street is being repaired." ' " Shuford v. City of Dallas, 144 Tex. 342, 190 S.W.2d 721, 724.

■ This duty cast on the City is not delegable to an independent contractor so as to relieve the City from liability to third parties. Patterson v. City of Austin, Tex. Civ.App. Austin, 29 S.W. 1139, no writ.

■ Nor is the City exempt from liability on the correct premise that the control of traffic along and over its streets is a governmental function.

■ The duty of the City here was to stop or prevent two-way travel on a one-way street. The dangerous situation giving rise to this duty was the result of a physical obstruction of the west side of East Avenue. No governmental function is involved. The direction and control of traffic while necessarily required was merely incidental to the City's corporate function of maintaining its streets in a reasonably safe condition for public travel.

As to Dean Skinner his liability is contractual. Pertinent portions of the contract between the State and Skinner are:

"The safety of the public and the convenience of traffic shall be regarded as of prime importance during construction.

"It is the purpose of this special provision to insure the safety and convenience of the travelling public.

"The Contractor shall provide for the passage of traffic in comfort and safety at all times throughout those sections of the project which are open to traffic at the present time. * * *

"The Contractor shall provide and maintain barricades as indicated on the plans. He shall also provide Class 'C' barricades and appropriate signs at any road that is blocked or altered during construction.

"The Contractor shall save harmless the State from all suits, actions or claims brought on account of any injuries or damages sustained by any person or property in consequence of any neglect in safeguarding the work by the Contractor; * * * He shall not be released from such responsibility until all claims have been settled and suitable evidence to that effect furnished the Commission."

█ These provisions, in our opinion, reflect an intention on the part of the contracting parties to confer a cause of action upon members of the traveling public against Skinner for injuries and damages sustained as a result of nonperformance of his contractual obligation to place appropriate warning signs at the places indicated in the jury's verdict. See Restatement of Law of Contracts, Sec. 145; Eubanks v. Schwalbe, Tex.Civ.App., Amarillo, 55 S.W. 2d 906, reversed in part, U. S. Fidelity & Guaranty Co. v. Eubanks, 126 Tex. 405, 87 S.W.2d 248.

The City in a supplemental brief has a point suggesting that it had no notice of the dangerous condition on East Avenue at the time of the collision and that its liability in the absence of such notice is precluded by provisions of its charter.

█ The City knew of the work in progress and cooperated with the State in its accomplishment. Then too, the dangerous conditions involved had existed for about two months prior to the collision. This is sufficient to support an implied finding of the trial court that the City had both actual and constructive notice of the situation which caused appellees' injuries and damages.

The judgment of the trial court is affirmed.

Affirmed.

On Motion for Rehearing

HUGHES, Justice.

All appellants have filed motions for rehearing but only Dean Skinner's motion requires further attention. He states that in holding that appellees have a cause of action against him under his contract with the State we are in conflict with Taylor v. Dunn, 80 Tex. 652, 16 S.W. 732, Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S.W.2d 482 and Buckner v. Colwell, Tex.Civ.App., Beaumont, 131 S.W.2d 675.

In Taylor v. Dunn the Court construed an ordinance of the City of Austin which authorized certain contractors to construct and operate a railway along College Street to the State Capitol and which provided that such contractors "shall be liable and responsible to any and all persons for any damage or injury that may result to him or them or their property from the construction, use, and maintaining of said railroad" [80 Tex. 652, 16 S.W. 733] to secure indemnity to the City and not to create a cause of action in favor of those injured by negligent operations of the railway.

We quote the first headnote in Grasso to show the inapplicability of such case:

"Surety on bond furnished by motor carrier of freight as required by statute could not be joined with insured in action by third party for injuries sustained due to insured's negligence, since statute makes surety liable for payment of all judgments recovered against insured and not liable for payment of damages resulting from insured's negligence. (Vernon's Ann.Civ.St., art. 911b, § 13.)"

Buckner v. Colwell is a venue case. Buckner was doing public work for the

450

State, under a written contract containing the following provisions [131 S.W.2d 676]:

" 'The contractor shall save harmless the State from all suits, actions or claims brought on account of any injuries or damages sustained by any person or property in consequence of any neglect in safeguarding the work by the contractor.' "

The Court held that venue could not be sustained in the county where an injury occurred on the theory that this contract was for the benefit of a third party who was injured by Buckner's negligence but sustained venue in such county on other grounds. Taylor v. Dunn, supra, was cited in support of its holding as were three other cases relating to liability under statutory bonds.

Skinner agrees that the intention of the parties, as gathered from the terms of the contract, is controlling but contends that we, in applying this rule, have reached an erroneous conclusion.

In Taylor v. Dunn the City of Austin had a potential liability for damages resulting from improper construction or maintenance of the railway on its streets and it was against this hazard that the City sought protection. Under these circumstances the Court there very properly construed the ordinance as reflecting only an intention to provide indemnity to the City.

 In our case there was no need for indemnity. There was no potential liability of the State against which the State might properly contract. The State is not liable for the torts of its agents or employees and to construe the contract here as reflecting an intention to provide for indemnity against a non-existent liability would do violence to the language used and would brand it as an idle waste of words. It is our duty to give effect to all the provisions of the contract and to construe each provision reasonably and so as to carry out the clear intentions of the parties as reflected by the contract. We believe that we have correctly done so in holding that this

contract inured to the benefit of appellees in this case.

Skinner also contends that appellees did not declare upon the contract. We have examined the pleadings of appellees and find that the contract was alleged and that portions of it were set out in the petition.

Appellants' Motions for Rehearing are overruled.

Motions overruled.